HERBERT F. EASTMAN *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.     January 10, 1896. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Statements not admissible as Part of the Res Gestœ.*

Statements which are simply a narrative of what has happened are not admissi
ble as a part of the *res gestœ.*

TORT, for personal injuries occasioned to the plaintiff while in
the defendant's employ as a freight conductor.   At the trial in
the Superior Court, before *Blodgett,* J., there was evidence tend-
ing to show that the plaintiff, while in the exercise of due care,
and in the performance of his duties, stepped on to the railroad
track in Newburyport, in front of a coal car, for the purpose of
unsetting a brake ; that after he had effected this he turned to
step off the track, caught his foot in an unblocked guard-rail,
was thrown down and run over by one or more wheels of the car,
on account of which it was necessary to amputate his leg ; that
after the accident the train was divided, and the plaintiff, who
remained on the ground for a few minutes, was then removed to
the side of the track, and was afterwards taken to the hospital
in Newburyport ; and that while he was so lying on the ground,
or about the time when he was taken up, he made a statement
to one Holland as to how the accident happened.   Holland, who
was a brakeman and saw the accident, testified that he got to
the plaintiff within a minute after the accident.

" *Q.* Before he got up, and while he was there, did he state
to you how it occurred ?   *A.* Not before I got to him.

" *Q.* When you got there, I say.   *A.* No, sir.

" *Q.* Did he at any time make a statement of how it hap-
pened?   *A.* He did.

" *Q.* Now, I want to know when that was?   *A.* Well, it
was n't more than — time flies very quick — it was n't more than
five minutes after I split the cars and took him out.

" *Q.* Not more than five minutes?   *A.* No, sir, I don't think
it was.

" *Q.* Was it before you had taken him up, or after you had

taken him up?   *A.* I think it was about the time we were taking him up.

" *Q.* Now I want to refresh your memory a little.   I want to know now if you told me in the court-room yesterday, in the anteroom yesterday, that he made the statement to you within a half-minute after the accident happened?   *A.* No, sir, I don't think I did; I might have said it, but I don't think I did.   Half a minute after it happened is a very short time.

" *Q.* Now, you put it how long after it happened?   *A.* About five minutes, I should judge; time flies very quick.

" *Q.* You say it was about the time he was taken up from the track?   *A.* Yes, about the time we were taking him out."

The witness would have testified that the plaintiff stated that the accident was caused by catching his foot in an unblocked guard-rail, and was asked what the statement of the plaintiff was; but it was excluded, and the plaintiff excepted.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. B. Stevens,* for the plaintiff.

*W. I. Badger,* for the defendant.

ALLEN, J.   The statements by the plaintiff were simply a narrative of what had happened, and were not admissible as part of the *res gestœ.*   *Lane* v. *Bryant,* 9 Gray, 245.   *Commonwealth* v. *Hackett,* 2 Allen, 136.   *Commonwealth* v. *McLaughlin,* 5 Allen, 507.   *Williamson* v. *Cambridge Railroad,* 144 Mass. 148.

*Exceptions overruled.*