MARY B. CORREIRA *vs.* BOSTON MOTOR TOURS, INCORPORATED.

MANUEL CORREIRA *vs.* SAME.

Bristol.    October 29, 1929. — January 17, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Evidence*, Competency, Opinion, Res gestae, Admissions.  *Motor Vehicle.*
    *Words*, "Skid."

The verb "to skid," when used in connection with the operation of a motor
    vehicle on a way, is well understood to mean that the vehicle when
    driven slips sidewise on the road, which the rear wheels fail to grip.
    Per PIERCE, J.
At the trial of an action of tort for personal injuries received by one rid-
    ing as a passenger for hire in a motor bus owned by the defendant,
    there was evidence that the bus was travelling downhill at thirty-five
    miles an hour on the left hand side of the way, which was slippery, as
    it came to a curve to the right; that a motor truck was approaching
    in the opposite direction on the same side of the way; and that the
    operator of the bus thereupon set the emergency brake, with the result
    that the front of the bus was turned to the right, the rear swerved to
    the left and the truck struck the bus.  The plaintiff, while describing
    the collision, was asked, "Did you notice the bus doing anything?"
    He was permitted to answer, subject to the defendant's exception,
    "The bus was skidding."  *Held*, that
        (1) The answer could not be said not to be responsive to the question
    asked;
        (2) The answer was competent: it was an inference of fact drawn
    from observation by the witness which could not be fully reproduced to
    nor visualized by the jury.
At the trial above described, witnesses who had been seated beside the
    driver of the defendant's bus were permitted, subject to the defend-
    ant's exception, to testify that, immediately before the collision, one
    of the witnesses said to the driver, "You will never make it," to which
    the driver replied, "We will be lucky if we do."  *Held*, that
        (1) The testimony was inadmissible as an admission binding the
    defendant;
        (2) In the circumstances, the testimony was admissible as a part of
    the *res gestae*.

TWO ACTIONS OF TORT.  Writs dated September 10, 1927.
Material evidence at the trial in the Superior Court be-
fore *Raymond*, J., is stated in the opinion.  The jury found

for the plaintiffs in the sums of $6,500 and $700 respectively. The defendant alleged exceptions to the admission of certain evidence.

The case was submitted on briefs.

*H. F. Hathaway,* for the defendant.

*F. E. Smith & E. R. McCormick,* for the plaintiffs.

PIERCE, J.   These are two actions of tort tried together to a jury, one by Mary Correira to recover damages for personal injuries sustained by her while a passenger for hire in a motor omnibus, owned and operated by the defendant as a common carrier of passengers for hire between Boston and Fall River; the other by Manuel Correira for personal injuries sustained by him while a passenger for hire in the same motor omnibus, and also for expenses and consequential damages which resulted to him in consequence of the personal injuries sustained by his wife, Mary Correira. No requests for instructions were made and refused and no exceptions were taken to any part of the charge. No question is raised by the bill of exceptions as respects the due care of the plaintiffs and the negligence of the defendant. The injuries of which the plaintiffs complain arose out of a collision between the motor omnibus and a heavy motor truck. In each case the jury returned a verdict for the plaintiff, and the cases come before us on exceptions taken by the defendant to the admission of evidence in the course of the trial.

Shortly stated, the facts disclosed by the bill of exceptions are that the plaintiffs became passengers for hire on the defendant's motor omnibus for Fall River at Boston on the afternoon of May 25, 1927. The weather was showery. Between Boston and the place of the accident it was good wheeling and the way was passed without incident. The place of the accident was outside the thickly settled part of, and very close to, the northerly side of "Tripp's Bridge" on Somerset Avenue, near the Taunton-Dighton line. The roadway was "pretty slippery." At the bridge the roadway wrought for travel was approximately twenty feet wide, without sidewalks. The bridge, made of concrete, was seventy-five feet long and twenty-one feet wide. The

approach to the bridge from the north was down grade, curving just north of the bridge to the right at an angle of one hundred forty-seven degrees. The approach to the bridge from the south was down grade. The motor omnibus travelled on the left of the middle of the way without lessening its speed of thirty-five miles an hour from a point about two or three hundred feet north of the bridge to the curve. Meanwhile a big truck loaded with barrels was on the bridge, coming from the south on its own right side of the way. The operator of the motor omnibus set the emergency brake, with the result that the front of the omnibus was turned to the right and the rear swerved to the left and the oncoming truck struck the motor bus on its left side in the rear of the front seats, causing the damage alleged to have been sustained by the plaintiffs.

In describing the collision, one of the plaintiffs was permitted to testify, subject to the exception of the defendant, that "The bus was skidding." The witness then testified without objection that what he meant by "skidding" was "that just as he went around that bend there, that as the bus was going around that bend he couldn't go straight because the bend would stop him, and in order to go around that curve he had to cut sharp and when he did the rear end of the bus skidded over." There was no reversible error in the reception of this evidence; or in the refusal to strike out the answer, "It was skidding," as not responsive to the question, "Did you notice the bus doing anything?" The verb "to skid," when used in connection with the operation of a motor vehicle on the roadway, is well understood to mean that the car when driven slips sidewise on the road, and the rear wheel fails to grip the roadway. Even though the statement was an expression of opinion, it was nevertheless an inference of fact which was the result of observation that could not be fully reproduced to or visualized by the jury. *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 133. *Morrissey* v. *Connecticut Valley Street Railway,* 233 Mass. 554, 557. *McGrath* v. *Fash,* 244 Mass. 327.

It was in evidence that one Mary E. Dennis was seated on the same seat and to the right of the driver of the omnibus

and that her husband, Joseph F. Dennis, was on her right. Just before the accident and as it was about to occur, Joseph F. Dennis "had seen a truck coming in a northerly direction from Fall River"; the "truck was on the right hand side of the street . . . [and] kept coming right along straight on the right hand side." He "had some talk with the driver immediately before the accident." Subject to the exception of the defendant, Mrs. Dennis was permitted to state the conversation she heard, and her husband was permitted to relate the conversation which he had with the driver. This conversation testified to by the husband and confirmed by the testimony of the wife was, in substance: Dennis: "You will never make it." The driver: "We will be lucky if we do."

The evidence was inadmissible as an admission to bind the defendant. *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6, 10, 11. In view of the high degree of care owed the plaintiffs by the defendant, it was admissible as a part of the *res gestae* because it was contemporaneous with the collision, was spontaneous to a degree which reasonably negatived premeditation or possible fabrication, and tended to qualify, characterize and explain the causal relation, if any, between the accident and the conduct of the operator of the omnibus immediately before the accident, and thereby to throw light upon the issue of whether or not the driver exercised the highest degree of care for the safety of the plaintiffs which was consistent with the defendant's undertaking. *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207, 218. *Feital* v. *Middlesex Railroad,* 109 Mass. 398. "When the act of a party may be given in evidence, his declarations, made at the time, and calculated to elucidate and explain the character and quality of the act, and so connected with it as to constitute one transaction, and so as to derive credit from the act itself, are admissible in evidence." *Lund* v. *Tyngsborough,* 9 Cush. 36, 42. See *Conklin* v. *Consolidated Railway,* 196 Mass. 302; *Robinson* v. *Doe,* 224 Mass. 319, 323; *New Jersey Steamboat Co.* v. *Brockett,* 121 U. S. 637.

*Exceptions overruled.*