*Northern District*

No. 5259

**JOSEPHINE ROCCO**

v.

**BOSTON-LEADER, INC.**

(May 11, 1959)

*Present:* Gadsby, P.J., Eno and Brooks, JJ.

Case tried to *Gilmore, J.,* in the First District Court of Eastern Middlesex. No. 1389 of 1956.

*Eno, J.* This is an action of tort by which the plaintiff seeks to recover damages for personal injuries sustained when she allegedly slipped on the floor of the defendant's premises. The defendant's answer is a general denial and contributory negligence.

*The evidence at the trial was reported as follows:*

"On September 9, 1955, the plaintiff entered the defendant's store with her daughter-in-law. She walked around, looked at the merchandise and as she turned to walk out her left foot slipped and twisted under her and she went down. In demonstrating to the Court what happened the plaintiff slid her left foot forward about 10-12 inches on the Court room floor and then bent her ankle out to show how it twisted under the weight of her body. She testified that she did not go all the way to the floor since her daughter-in-law had hold of her right arm and was supporting her. The plaintiff further testified that as she went down and while she was being assisted to an erect position by her daughter-in-law and the manager who was nearby, one of the sales-girls

came running over to her and while facing the plaintiff, stated these words, "I knew this would happen. There is too much wax on the floor." The plaintiff testified that this remark of the employee seemed to come out of the employee all of a sudden and was made while she was being assisted to her feet, and couldn't have been more than a second or two after the moment when her left foot slipped out from under her. When the plaintiff introduced this statement of the employee there was an objection by the defendant's attorney. In ruling on the defendant's objection the Court allowed the statement to go into evidence. About 10-15 minutes later, after the case had continued the Court called a bench conference and informed the plaintiff's attorney that he was not going to admit the statement into evidence and that the plaintiff could have a mistrial if she so desired. It was then agreed between counsel that if the Court in its finding did not allow the statement to be entered into evidence the plaintiff's *exception* would be saved and that if it were allowed into evidence the defendant's *exception* would be saved.

"The plaintiff's daughter-in-law testified in substance the same as the plaintiff as to the statement made by the salesgirl. She also testified, that the plaintiff's ankle turned and went under her. The floor was overwaxed and you could see a small indention from a heel. It was not a skid. When asked how thick the wax was she answered, 'If there is an indention in it, it must be thick. There wasn't a great amount but there was enough. It was like drawing a pencil through wax and the wax is pushed up on either side. It was like a crayon crease. You could see your face in the wax. I noticed the wax more after she fell than before. The condition was obvious.' The plaintiff herself did not examine the floor.

"Defendant's manager testified the floor was two years old and covered with vinal (sic) plastic requiring little waxing.

It is cleaned every six weeks by a commercial cleaner with rotary brushes of steel wool and waxed with non-skid wax. There was no testimony as to when the floor was last waxed prior to the accident. He also testified the floor was in good condition the day of the accident. Another employee of the defendant testified on direct examination that the floor did not look any different that day than any other day. On cross examination this employee stated that the floor looked 'freshly done.' "

## The court allowed the following requests for rulings of the plaintiff:

1. On all the evidence the Court is warranted in finding for the plaintiff.
2. On all the law the Court is warranted in finding for the plaintiff.
3. That the duty of a storekeeper is to exercise reasonable care to keep in a safe condition that part of his premises to which customers are invited.

## and denied

4. That the Court is warranted in finding from the evidence that the defendant's floor had been improperly waxed.
5. That the Court is warranted in finding from the evidence that the defendant had actual knowledge that the floor had been improperly waxed and that it was in a dangerous condition.

"because I find as a fact that the floor had not been improperly waxed and that it was not in a dangerous condition."

 The trial judge also found the following facts and made the following rulings:

"This is an action of tort brought by the plaintiff to recover damages for personal injuries resulting from her slipping and falling on a floor of the defendant's store.

"On September 9, 1955, the plaintiff entered defendant's

store. She walked around looking at merchandise and as she turned to walk out her left foot slipped and she fell. She did not examine the floor.

"The manager came over and assisted her to her feet. A sales-girl then came over and said, 'I knew this would happen because they put too much wax on the floor.' Defendant's attorney objected to the admission of this statement. Plaintiff's attorney contended it was admissible as part of the *res gestae*. It was admitted *de bene* with the understanding that if it was later excluded the plaintiff's *exception* would be saved.

"I find and rule that the statement was not a part of the *res gestae*. The *res gestae* of the happening of the accident had ended. A statement made afterward, no matter how soon in time, did not form part of the *res gestae* and gained no competency from that doctrine. *Rankin v. Brockton Public Market*, 257 Mass. 6, 11. It is no more competent because made immediately after the accident than if made a week or a month afterwards. *Lane v. Bryant*, 9 Gray 245, 247.

"The evidence warranted a finding that the plaintiff was in the defendant's store by invitation of the defendant. If while there, she was injured owing to the negligence of the defendant, she is entitled to recover. The evidence did not warrant a finding that the fall of the plaintiff and the injury which she sustained by falling upon the floor were caused by any negligence of the defendant.

"The defendant, in treating the floor, could use wax or other substances in the customary manner without incurring liability to one who slips and falls thereon unless it is negligent in the material it uses or in the manner of applying them.

"There is no contention that the floor was improperly constructed or that it was out of repair, or that the wax that was applied was unfit or improper for the purpose for

which it was used. I find that the wax was not improperly applied and that the plaintiff failed to establish a breach of any duty of the defendant."

The report states that it "contains all the evidence material to the question reported."

The plaintiff claims to be aggrieved "by the Court's finding for the defendant, findings of fact, and refusal to allow the plaintiff's requests for rulings No. 4 and 5."

Although it does not appear by the preceding paragraph that the plaintiff also claimed to be aggrieved by the exclusion of the evidence of a statement of one of the sales-girls that "I knew this would happen. There is too much wax on the floor," we treat the question as having been raised in view of other statements in the report.

 This declaration of the sales-girl, not being within the scope of her employment or authority, would be admissible against her employer or principal only if it constitutes a part of the *res gestae. Conklin v. Consolidated Railway Co.,* 196 Mass. 302, 306; *Rankin v. Brockton Public Market, Inc.,* 257 Mass. 6, 10, 11; *Correira v. Boston Motor Tours, Inc.,* 270 Mass. 88, 91.

 It is a well recognized principle of evidence that a statement made even by a mere bystander is admissible, provided it is made by a person spontaneously in consequence of a sudden outward occurrence causing excitement or shock. Wigmore, Evidence, (3rd Ed.) §§1745-1747; *Lund v. Tyngsborough,* 9 Cush. 36, 39-46; *Hartnett v. McMahan,* 168 Mass. 3; *Correira v. Boston*

*Motor Tours, Inc.,* 270 Mass. 88, 91 ; *Reardon v. Marston,* 310 Mass. 461, 464-465; *Rich v. Finley,* 325 Mass. 99, 102. But as was said in *Haynes v. Rutter,* 24 Pick. 242, at 245 :

"It is often a difficult question to decide what declarations may or may not be admitted in evidence as part of the *res gestae,* and the test . . . . . . [is as follows] : 'If the declaration has no tendency to illustrate the question, except as a mere abstract statement, detached from any particular fact in dispute, and depending for its effect entirely on the credit of the person making the declaration, it is not admissible. But if any importance can be attached to it, as a circumstance deriving a degree of credit from its connexion with the circumstances of the case, independently of any credit to be attached to the speaker or writer, then the declaration is admissible."

"Thus, if the declaration is in itself a fact in the transaction, or is made by a party while doing an act, and serves to explain it, it is to be received in evidence as part of the *res gestae.* But a recital of past transaction is not admissible, although it may have some relation to the act which the person may be doing at the time when he makes the declaration."

In order to constitute a part of the *res gestae* an act or declaration must accompany, and be contemporaneous with, the act of which it is alleged to be a part. *Gray v. Boston El. R.R. Co.,* 215 Mass. 143.

■ In the case at bar the event had already taken place. The declaration of the sales-girl did not accompany and it was not contemporaneous with the event. It became simply an expression of an opinion after the plaintiff's fall. There was no error in excluding it. *Lane v. Bryant,* 9 Gray 245; *Williamson v. Cambridge Railroad Co.,* 144 Mass. 148, 150; *Richstain v. Washington Mills Co.,* 157 Mass. 538, 540; *Eastman v. Boston & Maine R.R.,* 165 Mass. 342.

■ Even if there were error in excluding the declaration of the sales-girl, there was no harmful error which would require a new trial of the case. The evidence was merely cumulative since there was evidence from the plaintiff's daughter -in-law as to the condition of the wax which would warrant the court in finding for the plaintiff, as shown by his allowance of the plaintiff's requests numbered 1 and 2, and the plaintiff was not, therefore, harmed by its exclusion. *Boisvert v. Ward,* 199 Mass. 594; *Bishop v. Burke,* 216 Mass. 231; *Cotter v. Nathan and Hurst Co.,* 222 Mass. 433; *Perivoliotis v. Eveleth,* 251 Mass. 444, 446.

The 4th and 5th requests of the plaintiff became immaterial by the findings of the trial judge, who found facts contrary to those assumed in the requests. *Mahoney v. Norcross,* 284 Mass. 153, 154; *Gibbons v. Denoncourt,* 297 Mass. 448, 450; *Dolham v. Peterson,* 297 Mass. 479, 481; *Cameron v. Buckley,* 299 Mass. 432, 434; *Greenberg v. Shoppers'*

*Garage, Inc.,* 329 Mass. 31, 35; *Fain v. Fitz-henry-Guptil Co.,* 335 Mass. 6.

There being no prejudicial error committed by the trial judge, the report is to be dismissed.

John A. Fiorentino, of Everett, for the Plaintiff.

Badger, Pratt, Doyle and Badger, of Boston, for the Defendant.