JOSEPHINE ROCCO *vs.* BOSTON-LEADER, INC.

Middlesex.   December 7, 1959. — January 4, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Evidence,* Res gestae, Judicial discretion, Admissions and confessions.

In an action to recover for injuries sustained by the plaintiff when her
foot slipped and twisted under her in the defendant's store and she
went down allegedly because the floor was improperly waxed, evidence
that while the plaintiff was being assisted to an erect position one of
the defendant's salesgirls came running over to her and said "I knew
this would happen.  There is too much wax on the floor" was not
competent as an admission to bind the defendant, and there was no
abuse of discretion on the part of the trial judge in excluding the
salesgirl's remark as not part of the res gestae even though the plain-
tiff testified that the remark "seemed to come out of . . . [the sales-
girl] all of a sudden and was made . . . [not] more than a second or
two after" the plaintiff's foot slipped.

TORT.   Writ in the First District Court of Eastern Middle-
sex dated March 17, 1956.

The action was heard by *Gilmore,* J.

*John A. Fiorentino,* for the plaintiff.

*Peter D. Cole, (Albert E. Good* with him,) for the defendant.

SPALDING, J.   In this action of tort the plaintiff testified
that on September 9, 1955, she entered the defendant's
store; that while walking around looking at merchandise
"her left foot slipped and twisted under her and she went
down"; and that she "did not go all the way to the floor
since her daughter-in-law had hold of her right arm and was
supporting her."

The plaintiff based her right of recovery on the fact that
the floor was improperly waxed.  The plaintiff's daughter-
in-law testified that the "floor was overwaxed and you could
see a small indentation from a heel. . . .  You could see
your face in the wax."  The defendant's manager testified

that the floor was covered with "vinal plastic requiring little waxing" and that it was "cleaned every six weeks by a commercial cleaner with rotary brushes of steel wool and waxed with nonskid wax." He also testified that the "floor was in good condition [on] the day of the accident." There was no testimony as to when the floor was last waxed.

The judge in finding for the defendant stated, "I find as a fact that the floor had not been improperly waxed and that it was not in a dangerous condition" and that the plaintiff "failed to establish a breach of any duty of the defendant." A report to the Appellate Division was dismissed and the plaintiff appealed.

The sole question presented by the report is a ruling on evidence, which arose in these circumstances. The plaintiff testified that "while she was being assisted to an erect position by her daughter-in-law . . . one of the salesgirls came running over to her" and said "I knew this would happen. There is too much wax on the floor." The plaintiff testified that the salesgirl's remark "seemed to come out of . . . [her] all of a sudden and was made while she [the plaintiff] was being assisted to her feet, and couldn't have been more than a second or two after the moment when her left foot slipped." The evidence as to what the salesgirl said was admitted de bene with the understanding that if the judge later ruled that the evidence was inadmissible the plaintiff's rights would be saved. When making his decision, the judge stated that "the . . . [remark of the salesgirl] was not a part of the res gestae. The res gestae of the happening of the accident had ended."

There was no error.

The evidence was not competent as an admission to bind the defendant. The admissibility of the utterance must rest on the fact that it was "spontaneous to a degree which reasonably negatived premeditation or possible fabrication, and tended to qualify, characterize and explain" the accident. *Correira* v. *Boston Motor Tours, Inc.* 270 Mass. 88, 91. With respect to spontaneous utterances the guiding principles have been stated — and in our view correctly —

by Prof. Wigmore: "The utterance must have been before there has been time to contrive and misrepresent . . . . It is to be observed that the statements need not be strictly contemporaneous with the exciting cause; they may be subsequent to it, provided there has not been time for the exciting influence to lose its sway and to be dissipated. . . . [T]here can be no definite and fixed limit of time. Each case must depend upon its own circumstances." Wigmore on Evidence (3d ed.) § 1750. See McCormick on Evidence, § 272. See also *Reardon* v. *Marston*, 310 Mass. 461, 464–465.

The trial judge in determining whether an utterance meets the tests of admissibility ought to be given broad discretion.[1] We cannot say that the ruling excluding the evidence was erroneous. The matter was one peculiarly within the judge's province and only in clear cases — of which this is not one — of an improper exercise of discretion should his ruling be revised.

*Order dismissing report affirmed.*

---

[1] Professor Wigmore even advocates giving the trial judge absolute discretion in this field. Wigmore on Evidence (3d ed.) § 1750.