COMMONWEALTH *vs.* KATHERINE HAMPTON.

Suffolk.   November 9, 1966. — December 2, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Evidence,* Res gestae, Judicial discretion.

At the trial of indictments arising from an alleged stabbing by the defendant, who was said to be the wife of the victim, where there was evidence that an altercation and struggle between them occurred in the victim's apartment, that five or six minutes after a witness occupying an

apartment directly above the victim's apartment heard a thud there the victim knocked on the door of the witness's apartment and was admitted upon identifying himself, and that he was observed by the witness to be bent over and bleeding, it was within the judge's discretion to admit as part of the res gestae testimony by the witness that when she opened the door of her apartment upon the victim's knocking she asked what he wanted and he replied, "Call the police. My wife stabbed me."

Two INDICTMENTS found and returned on February 10, 1966.

The cases were tried in the Superior Court before *Bolster, J.*

*Ronald J. Chisholm* for the defendant.

*Newman A. Flanagan,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. The defendant was convicted upon two indictments: (1) for manslaughter and (2) for assault and battery by means of a dangerous weapon. The trial was made subject to G. L. c. 278, §§ 33A–33G. The defendant's appeal brings the case here with a summary of the record, a transcript of the evidence, and one assignment of error.

The deceased, Thomas Turner, lived on the second floor in suite 6 at 90 Crawford Street, Boston, with the defendant, who had said she was his wife. Elizabeth Pugh, a witness for the Commonwealth, lived in suite 9 on the third floor directly over suite 6. On December 12, 1965, for two or three hours beginning around 2 P.M. she heard in suite 6 voices which sounded angry and argumentative. Toward 5 P.M. she heard something fall making a thud. About four to five minutes later she heard a pounding on her door. She asked, "Who is it?" The person identified himself as Turner. She opened the door and saw Turner standing alone all bent over. When she asked what he wanted, he replied, "Call the police. My wife stabbed me." She admitted him to her apartment, and he collapsed in a chair. She then observed that he was bleeding from a wound in the left breast and called the police. In another five to seven minutes the defendant came to the apartment. Her right hand was bleeding. The police came and took Turner to the hospital. The foregoing is summarized from the examination of the witness Pugh.

Turner died at the hospital on December 18, 1965. The medical examiner testified that in his opinion death was due to a stab wound.

A police officer testified that he went to suite 6 about 4:45 P.M. on December 12, 1965. The living room looked as if a fight had taken place there. The room was upset; a lamp was knocked against the wall; a phonograph machine was knocked over; the rug was "puckered"; and the cover on the sofa "was all messed up with blood." There were two knives on the floor.

The error assigned is the admission in evidence of the testimony of Elizabeth Pugh in asking the victim what he wanted and his reply, "Call the police. My wife stabbed me." This was admitted by the judge as part of the res gestae.

The general rule is that given in *Rocco* v. *Boston-Leader, Inc.* 340 Mass. 195, 196–197. "With respect to spontaneous utterances the guiding principles have been stated — and in our view correctly — by Prof. Wigmore: 'The utterance must have been before there has been time to contrive and misrepresent . . . . It is to be observed that the statements need not be strictly contemporaneous with the exciting cause; they may be subsequent to it, provided there has not been time for the exciting influence to lose its sway and to be dissipated. . . . [T]here can be no definite and fixed limit of time. Each case must depend upon its own circumstances.' Wigmore on Evidence (3d ed.) § 1750. . . . The trial judge in determining whether an utterance meets the tests of admissibility ought to be given broad discretion. . . . [A]nd only in clear cases . . . of an improper exercise of discretion should his ruling be revised." See *Correira* v. *Boston Motor Tours, Inc.* 270 Mass. 88, 91.

The defendant does not question these principles. She argues that the victim's statement was not made spontaneously "before there . . . [had] been time to contrive and misrepresent." The defendant stresses three factors: (1) a substantial time elapsed between the infliction of the wounds and the statement; (2) the statement was made at a

different place from where the victim was wounded; and (3) the statement was made in reply to a question.   These were factors fundamentally for the judge's determination. The elapsed time was five to six minutes, and the distance traveled was up a flight of stairs to a room directly above. Neither matter was conclusive in favor of the defendant as matter of law.   That the victim had been asked to identify himself and to say what he wanted, while aspects to be considered, does not require us to hold that the ruling of the judge, who heard and saw the witnesses, was not within the legitimate bounds of his discretion.   The judge in his discretion could give proper weight to the violent struggle directly preceding the serious wounds which the victim had received.   The latter must still have been in a state of serious shock when he made the statement now the subject of exception.

The present case is not an appropriate one to reverse the trial judge's exercise of discretion.   *Commonwealth* v. *M'Pike,* 3 Cush. 181, 184.   *Commonwealth* v. *Hackett,* 2 Allen, 136, 139–140.   *Williamson* v. *Cambridge R.R.* 144 Mass. 148, 150.   *Eastman* v. *Boston & Maine R.R.* 165 Mass. 342, 343.   *Rankin* v. *Brockton Pub. Mkt. Inc.* 257 Mass. 6, 10–11.

It is not profitable to cite cases elsewhere.   Concededly they may be found in conflict.   The Massachusetts rule is well established, and its application is clear.

*Judgments affirmed.*