ANGELA C. HETEL & another[1] *vs.* MESSIER'S DINER, INC.

Worcester. February 10, 1967. — March 2, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Evidence,* Res gestae, Judicial discretion. *Practice, Civil,* Charge to jury.

At the trial of an action to recover for injuries sustained by the plaintiff in a fall on "spilled coffee" on the floor of the restaurant of the defendant corporation, it was within the judge's discretion to admit as part of the res gestae testimony that a "couple of seconds" after the fall a waitress said, "Oh my God. I told the other girl to clean this mess up ten or fifteen minutes ago." [141–142]

Exceptions of the defendant to the charge at the trial of an action of tort were overruled where alleged error in failing to charge at a certain point that the jury must find a certain fact in order to find the defendant negligent overlooked a later statement to that effect in the charge, and alleged error in misstating the law overlooked the context of the judge's instructions. [142]

TORT. Writ in the Superior Court dated September 24, 1962.

The action was tried before *Brogna,* J.

[1] Walter M. Hetel.

*William T. Talcott, Jr.,* for the defendant.

*Alexander Eggleston* for the plaintiffs.

WILKINS, C.J. The plaintiffs, husband and wife, bring this action of tort arising out of a fall by the female plaintiff on the floor of the defendant's restaurant. There are two counts, one by the wife for her injuries, and the other by the husband for consequential damages. The jury returned verdicts for the plaintiffs. The defendant's exceptions are to the admission of evidence, to the denial of motions for directed verdicts, and to the charge.

The female plaintiff specified that the defendant's negligence was in permitting liquid which was brownish in color, and which in her opinion was "spilled coffee," to remain on the floor causing it to be slippery and unsafe.

1. The male plaintiff testified that about 5:30 P.M. on October 16, 1960, he entered the restaurant behind his wife, who fell two or three feet inside the front door. When he entered, he saw a counterman and a waitress in white uniforms behind a counter. A "[c]ouple of seconds" after she fell he heard a waitress say, "Oh, my God. I told the other girl to clean this mess up ten or fifteen minutes ago." To this the defendant excepted. The wife's testimony was substantially similar with the same exception by the defendant. She testified that she heard the waitress make the statement "the minute that she was on the floor"; that the brownish liquid substance covered an area of about one and one-half to two feet; that she fell in a passageway which led in three or four feet to an aisle in front of the counter; and that the place where she fell was in plain sight of the counter.

The evidence was admissible in so far as it was "spontaneous to a degree which reasonably negatived premeditation or possible fabrication." *Correira* v. *Boston Motor Tours, Inc.* 270 Mass. 88, 91. See *Rocco* v. *Boston-Leader, Inc.* 340 Mass. 195, 196–197; Wigmore, Evidence (3d ed.) § 1750. This is not controverted by the defendant, who makes the point that the utterance did not satisfy another requirement: namely, that the utterance should relate to the circumstances of the accident, but that the statement did

not tend to qualify, characterize, and explain it.   See *Rocco v. Boston-Leader, Inc., supra,* 196; McCormick, Evidence, § 272.   The defendant contends that the statement was no more than a recital of a past event.   This contention could be true in so far as the statement showed that the liquid had been there for a sufficient length of time for the defendant's employees to know of it.   But the waitress's remarks amounted to more than this and constituted a spontaneous statement from which the jury could find that the accident was caused by the liquid on the floor.   The admission of the evidence was clearly within the judge's discretion.   *Commonwealth* v. *Hampton,* 351 Mass. 447, 449–450.

2.   The defendant does not contend that there was error in the denial of the motions for directed verdicts if the statement of the waitress was admissible.

3.   The defendant's brief contends that there were two errors in the charge.   First, there is objection to the instruction that "if you find that this statement was made by this waitress, . . . you find that the defendant corporation was negligent."   It is argued that the judge did not say that the jury must also find that the statement was true. This contention overlooks a later statement in the charge that "if you find that it [the statement] was made and if you find that the defendant was negligent in allowing this coffee to remain there an unreasonable length of time after either they knew or should have known about its existence, then you come to the second issue" of contributory negligence.

The second alleged error is that the judge instructed the jury that if they found that the waitress made the statement, she was speaking for the defendant, and so there was a misstatement of the law of admissions.   This overlooks the context of these instructions, which was that a reason why he admitted the statement is that evidence of a statement of spontaneous exclamation made by anybody at the time of the incident is allowed in even though the person is not on the stand.   *Correira* v. *Boston Motor Tours, Inc.* 270 Mass. 88.

*Exceptions overruled.*