D & P EQUIPMENT CORP. vs. WHITE SPOT CONSTRUCTION CORP. January 9, 1969. At the trial of this action of contract, on retransfer to the Superior Court (G. L. c. 231, § 102C), the plaintiff introduced evidence of the finding of a judge of the Third District Court of Eastern Middlesex which was for the plaintiff in the sum of $618.93. The plaintiff rested. The defendant's

only witness, one DeCillis, the defendant's treasurer, was asked on cross-examination whether he had testified at the earlier trial in the District Court. The judge on his own motion and without objection by the defendant then asked the plaintiff's counsel whether he had a transcript of the testimony in the District Court. When counsel replied in the negative, the judge ruled that counsel could not ask questions as to the testimony of DeCillis in the District Court. The plaintiff excepted. The jury returned a verdict for the plaintiff in the sum of $50. The plaintiff's exception to the exclusion of evidence must be sustained. No authority for the judge's ruling has been cited. There is commonly no stenographer taking testimony at civil trials in the District Courts. We infer that there was none in the case at bar. Even if there had been one, the questions were admissible without producing the transcript. The plaintiff was deprived of the elementary right to show that a witness made prior inconsistent statements. See *Robinson* v. *Old Colony St. Ry.* 189 Mass. 594, 596.

*Exceptions sustained.*

*Max L. Rubin* for the plaintiff.
*Samuel Newman,* for the defendant, submitted a brief.