ALFRED BLAKE & another[1] *vs.* SPRINGFIELD STREET
RAILWAY COMPANY.

Hampden.   February 17, 1978. — August 17, 1978.

Present: HALE, C.J.,.KEVILLE, & ARMSTRONG, JJ.

*Negligence,* School bus. *Practice, Civil,* Instructions to jury. *Evidence,*
Hearsay, Spontaneous utterance, Postaccident safety improve-
ments.

In a tort action for injuries sustained by a child while riding in a school
bus owned by the defendant and operated by one of its employees,
the judge's instructions to the jury with respect to the defendant's
duty to provide supervision of the children on the bus were inade-
quate and required a new trial. [555]

In a tort action for injuries sustained by a child while riding in a school
bus, there was no error in allowing the bus driver to testify to a
statement made by a young girl as the injured child was being
brought to the front of the bus after the accident. [556–557]

In a tort action for injuries sustained by a child while riding in a school
bus, the judge did not abuse his discretion in excluding evidence
that, following the accident, adult monitors were placed on the bus
to supervise the children. [557]

TORT. Writ in the Superior Court dated September 13,
1971.

The action was tried before *Greaney,* J.

*Louis Kerlinsky* for the plaintiffs.

*David P. Connor,* for the defendant, submitted a brief.

KEVILLE, J. This is an action of tort brought by an
eight-year-old child and his father for injuries sustained
by the child on a school bus owned by the defendant and
operated by one of its employees, a regular driver for that
school year with twenty-three years' experience. All of
his passengers were elementary school children, kinder-

---

[1] Alfred's father, Donald Blake.

garten through the sixth grade. The child (Alfred) was one of a group of twenty-five children being driven home from school. The trip was uneventful until the bus negotiated a right turn at an intersection while proceeding at a speed of between five and ten miles an hour. The road there was level, free of holes and obstructions. There was no change of speed, sudden application of brakes or unusual swerving, although there was some testimony from passengers that the bus seemed to hit a bump. The child was kneeling on the back seat of the bus facing toward the rear with third grade classmates on either side of him. As the bus was turning right, Alfred somehow hit his mouth on the top of the back of a seat located eight to ten feet forward of where he had been kneeling. Alfred fell to the floor. As he was being assisted to the driver, a young girl, otherwise unidentified, said, "Alfred hurt his mouth jumping around." The bus driver was permitted to testify to this comment.

Both the plaintiffs and the defendant claimed a jury trial. The case was referred to a master who found no negligence on the part of the defendant. The plaintiffs filed several objections to the master's report. Their motion to strike the report was denied and the case was tried to a jury who returned a verdict for the defendant. The plaintiffs seasonably appealed from the entry of judgment for the defendant.

The plaintiffs claim error in: (1) the inadequacy of the judge's instructions to the jury on the bus company's duty to supervise the children on the bus; (2) allowing the bus driver to testify to the comment of the girl following Alfred's injury; and (3) the exclusion of evidence proffered by the plaintiffs that within several weeks after the accident adult monitors were placed by the bus company on its school buses to supervise the children, that evidence having been offered to show "the feasibility of safety precautions which could have been taken, which were taken."

We conclude that the judge's instructions to the jury on the question of the bus company's negligence were inadequate. The plaintiffs sought to recover on two theories. First, that the driver's negligent operation of the bus caused Alfred's injury; and secondly, that the bus company was negligent in failing to provide adequate supervision of the children. In the course of his charge the judge instructed the jury several times in substance that if they should find that the driver was not negligent they were to return a verdict for the defendant. However, these instructions discounted the plaintiffs' second theory of recovery, that of inadequate supervision.

While the judge, in a supplementary instruction requested by the plaintiffs, added that the jury could consider whether there was proper supervision on the bus,[2] we do not think that this supplementary instruction sufficed to offset the earlier instructions which inadequately described the possible scope of the defendant's negligence. The bus company owed Alfred "an onerous duty to protect ... [him] from foreseeable harm." *Brown* v. *Knight,* 362 Mass. 350, 352 (1972). See also *Geary* v. *H. P. Hood & Sons,* 336 Mass. 369, 370 (1957); *Freeman* v. *Wilcox,* 303 So.2d 840, 842 (La. App. 1974); *Harris* v. *Hardman,* 133 Ga. App. 941, 942 (1975). It was for the jury to determine whether the defendant had met that obligation in its supervision of the children on the bus in order to prevent foreseeable injury. *Brown* v. *Knight, supra.* Restatement (Second) of Torts § 314A, Illustration 7 (1965). In our view the limited instructions on the issue of negligence in the principal charge affected the accuracy of the charge as a whole and could have been misleading to the jury. *Wilson* v. *Boston Redevelopment Authy.,* 366 Mass. 588, 592 (1975).[3]

[2] The statement was: "You may or may not want to take into consideration a circumstance I may not have mentioned .... You may also consider whether there was proper supervision on the bus, considering the number of children and whether or not that renders it as a circumstance in determining the Defendant's negligence."

[3] The judge denied the plaintiffs' request for additional instructions on the supervision issue. The defendant contended and the judge ruled

We turn to two evidentiary problems which are likely to arise in the course of a new trial. Apart from these, the plaintiffs' other assertions of error lack substance and we decline to pass upon them.

1. There was no error in allowing the bus driver to testify to the statement made by the young girl as Alfred was being brought to the front of the bus after the accident. The judge admitted the statement as part of the res gestae. The plaintiffs argue that the girl's statement was inadmissible claiming that in this jurisdiction a statement must be precisely contemporaneous with the underlying events to be within the res gestae exception to the hearsay rule. See *Rankin* v. *Brockton Pub. Mkt., Inc.*, 257 Mass. 6, 11 (1926); Hughes, Evidence § 569, at 792 (1961). This position has been criticized (*Commonwealth* v. *McLaughlin*, 364 Mass. 211, 221 n.3 [1973]; 6 Wigmore, Evidence § 1745, at 193, § 1756, at 230–231 [Chadbourn rev. 1976]; Hughes, Evidence § 569, at 793 [1961]), and recent cases in the Commonwealth have moved from that position. *Rocco* v. *Boston-Leader, Inc.*, 340 Mass. 195, 196–197 (1960). *Commonwealth* v. *Hampton*, 351 Mass. 447, 449–450 (1966). *Commonwealth* v. *McLaughlin*, 364 Mass. at 221–224. Presently a statement is admissible if its utterance was spontaneous to a degree which reasonably negated premeditation or possible fabrication and if it tended to qualify, characterize and explain the underlying event. The statement need not have been strictly contemporaneous with the event. *Rocco* v. *Boston-Leader, Inc., supra.* The trial judge is given broad discretion in

that the plaintiffs' case was defective in not establishing that the bus company rather than the city school system was responsible for supervision. However, the fact that Alfred was in the immediate custody of the bus company imposed a duty upon it to anticipate foreseeable injury and to take adequate precautions to prevent it. See *Brown* v. *Knight, supra.* If that responsibility had in some way been assumed by the school system, the burden was on the bus company to prove it. See Prosser, Torts § 33, at 176–177 (4th ed. 1971).

determining whether such a statement is admissible. *Id. Commonwealth* v. *Hampton, supra* at 449. We cannot say that the judge improperly exercised his discretion in this instance.

2. The plaintiffs challenge the judge's exclusion of evidence that, following the accident, adult monitors were placed on the school buses to supervise the children. The plaintiffs contend that this evidence was admissible on the question of the feasibility of furnishing such supervision. The general rule is, of course, that evidence of postaccident safety improvements is not admissible as evidence of negligence. See *doCanto* v. *Ametek, Inc.,* 367 Mass. 776, 779 (1975); Leach & Liacos, Massachusetts Evidence 201 (4th ed. 1967). However, it is recognized that evidence of postaccident improvements may be admissible, in the judge's discretion and subject to limiting instructions, on a variety of other issues including that of the feasibility of making safety improvements. See *doCanto* v. *Ametek, Inc., supra* at 780–781; *Coy* v. *Boston Elev. Ry.,* 212 Mass. 307, 309 (1912); *Schaeffer* v. *General Motors Corp.,* 372 Mass. 171, 176 (1977).

The judge may properly exclude such evidence where in the exercise of his discretion he concludes that the jury would be likely to infer negligence therefrom. *Boeing Airplane Co.* v. *Brown,* 291 F.2d 310, 315 n.3 (9th Cir. 1961). Although the plaintiffs here, through evidence of the postaccident installation of the monitors on the buses may have sought to show only what safety precautions could have been taken by the bus company prior to the accident, the result would have been to provide a basis for an inference by the jury as to what steps should have been taken. *Northwest Airlines* v. *Glenn L. Martin Co.,* 224 F.2d 120, 130 (6th Cir. 1955), cert. denied, 350 U.S. 937 (1956). In the circumstances we discern no abuse of discretion in the exclusion of such evidence.

The judgment is reversed and the verdict is set aside.

*So ordered.*