Hubley v. Lilley.

RICHARD HUBLEY & another[1] vs. LEONARD LILLEY & others.[2]

No. 89-P-86.

Essex. January 16, 1990. - April 10, 1990.

Present: DREBEN, SMITH, & FINE, JJ.

*Evidence*, Impeachment of credibility, Prior inconsistent statement, Redirect examination, Safety improvements. *Practice, Civil*, Argument by counsel.

When a witness is being impeached with his prior statement, the statement need not be shown nor its contents disclosed to the witness at that time, but, on request, opposing counsel is entitled to examine the entire statement. [471-473]

Judgment entered on a negligence claim was vacated and the matter remanded for the trial judge to determine whether the plaintiff had been harmed by being foreclosed from examining a certain document used to impeach his witness, and to determine whether there should be a new trial. [473-474]

In the circumstances of the trial of a negligence action the judge properly refused to admit evidence of postaccident repairs. [474]

At the trial of a civil action, statements in defense counsel's closing argument, viewed in its entirety, were not an attempt to interject counsel's personal opinion; in any event, the judge's instructions to the jury placed the argument in proper prospective. [474-475]

CIVIL ACTION commenced in the Superior Court Department on September 30, 1986.

The case was tried before *Richard S. Kelley*, J.

[1] Linda Hubley.

[2] Ida Lilley, the defendant's wife, and Hingham Mutual Fire Insurance Co. While the docket indicates a notice of appeal from the judgment entered on all three counts of the complaint, there is no argument by the appellants in their brief that there was any error as to the disposition below of the counts involving the defendant's wife or the insurance company, and we treat any issues involving those counts as waived. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). The word "defendant" throughout this opinion refers to the husband only.

*Thomas J. Butters* for the plaintiffs.

*W. Paul Needham* for the defendant.

SMITH, J. As a result of a fall at the defendant's house, the plaintiff filed a three-count complaint in the Superior Court. The first count alleged that the defendant's negligence caused the plaintiff to fall on the defendant's steps. The second count sought damages for the plaintiff's wife's loss of consortium. The third count alleged unfair and deceptive practices by the defendant's insurance company. A jury, in answer to special questions, found that the plaintiff sustained $25,000 in damages, but that he was 75% negligent and the defendant was only 25% negligent. The jury, on the second count, awarded the plaintiff's wife $400 for loss of consortium. The judge later allowed the insurance company's motion for summary judgment on the third count. The plaintiff has raised three issues on appeal. He claims that the judge erred in (1) denying the plaintiff's request to examine a prior written statement of the defendant used by defense counsel to impeach the defendant, (2) denying admission of evidence of postaccident improvements, and (3) overruling an objection to defense counsel's closing argument.

1. *Examination of the defendant's prior written statement.* At the trial, the plaintiff called the defendant as his first witness. The defendant testified that he asked the plaintiff, with whom he was friendly, for help in fixing his damaged chimney. At the same time, a contractor was constructing an addition, including a new door, to the defendant's house. The defendant built temporary steps leading to the new door. On October 30, 1985, the plaintiff went to the defendant's house to talk about the chimney job. After the meeting, the plaintiff left by way of the temporary steps. As he did so, a board on which he stepped went out from underneath him and he fell, injuring his back. The defendant testified that, previously, he had also slipped on the steps but had "caught [him]self" and that a police officer, investigating a house break, had fallen on the steps. The defendant could not remember if the police officer had fallen before or after the plaintiff.

The plaintiff's attorney then elicited the following testimony from the defendant, still on direct examination:

PLAINTIFF'S ATTORNEY: "Sir, did you believe at the time that [the plaintiff] was there on the morning of October 30, 1985, that the step was dangerous?"
DEFENSE COUNSEL: "Objection."
JUDGE: "No, objection overruled. He may answer."
DEFENDANT: "Yes."

The afternoon recess followed the above testimony. As a result of a conference during the recess, the judge adjourned the trial until the next day.[3] When the trial resumed, the defendant was examined briefly by plaintiff's counsel and then questioned by defense counsel.

During the course of his examination, defense counsel asked the defendant the following question:

DEFENSE COUNSEL: "All right. Now sir, you were testifying yesterday about steps. And my question is, do you remember making a statement about three weeks after the accident — strike that — about six weeks after the accident that you never had any problem with the steps, and that you and your family went in and out over it every day with no problem?"
PLAINTIFF'S COUNSEL: "Your Honor, I object. And I'd like to approach side bar."
JUDGE: "All right, counsel."

---

[3]During the recess, a dispute had arisen between the defendant and his counsel. The disagreement concerned the defendant's answers to the plaintiff's counsel's questions. Defense counsel informed the defendant that because of his testimony he "might be subject to some liability for perjury." That remark angered the defendant and he requested the conference with the trial judge. In addition to the judge and the defendant, plaintiff's counsel and defense counsel were also present. After listening to recitations from defense counsel and the defendant concerning their disagreement, the judge continued the trial to the following day in order for the defendant, if he wished, to obtain another lawyer. The following day, the defendant informed the judge that he decided to have defense counsel continue to represent him.

At the side bar, plaintiff's counsel requested a copy of the statement that defense counsel had referred to in his question. The judge refused the request at that time. Defense counsel resumed his cross-examination as follows:

> DEFENSE COUNSEL: "Mr. Lilley, do you recall making a statement in December of 1985 — about six weeks after the accident — to the effect that the steps appeared in their normal sturdy condition on the day of the accident, and that you and your family used the steps without incident on a daily basis? Do you remember making that statement?"
> DEFENDANT: "Yes sir."[4]

On two further occasions, plaintiff's counsel asked the judge to allow him to examine the defendant's prior statement. The judge denied the request each time. On appeal, the plaintiff claims that, in the circumstances, the judge committed error in not permitting him to examine the statement used by defense counsel to impeach the defendant.

The issue raised by the plaintiff has been addressed in Proposed Mass.R.Evid. 613(a) (1980) and Fed.R.Evid. 613(a) (as amended, 1987). Both state that, "[i]n examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the same shall be shown or disclosed to opposing coun-

---

[4]The first reference to the defendant's prior statement came at the conference held on the previous day. (See note 3, *supra*.) During that discussion, defense counsel revealed that the defendant had given a prior statement, apparently to his insurance company, about the plaintiff's accident.

According to defense counsel, the defendant had stated, on "page 2 [of the statement] . . . [that] '[n]o one has ever fallen on the steps before, and we used the steps daily without any prior problems,'" and, "further on, on page 3 of that statement, [the defendant] stated '[t]he steps appear as sturdy as usual. No apparent problems.'"

On appeal, defendant's counsel, who was also trial counsel, states in his brief that "the evidence does not reveal whether the prior statement was written rather than oral." In view of defense counsel's remarks made at the conference, his statement in the brief is astonishing.

sel."[5] The rule, at least in the context of impeachment by a prior statement of a witness produced by an adverse party, is "consistent with Massachusetts practice, which allows the witness to be examined without disclosure of the earlier statement but requires that the statement 'shall be shown or disclosed to opposing counsel' on request." Liacos, Massachusetts Evidence 142 (5th ed. 1981). That practice, however, does not appear to have been the subject of a decision by a Massachusetts appellate court prior to this case.[6]

We think the reasons supporting the established practice are sound. It seeks to protect "against unwarranted insinuations that a statement has been made when the fact is to the contrary." Advisory Committee's Note to the Proposed Federal Rules, 56 F.R.D. 278 (1973). Permitting opposing counsel to examine the statement on request also prevents selective quotation of the prior statement by the questioner and gives meaning to the settled concept that, on redirect examination, the witness who has been impeached by a prior incon-

---

[5]The quotation is from the Federal rule: prior to amendment in 1987 to make the rule gender neutral, the Federal rule was identical to the proposed Massachusetts rule (which contains the word "him" in place of "the witness").

[6]The defendant claims that *D & P Equip. Corp.* v. *White Spot Constr. Corp.*, 355 Mass. 787 (1969), supports his position that the plaintiff's counsel was not entitled to examine the defendant's prior statement. We disagree. In that decision, on retransfer to the Superior Court, the plaintiff introduced evidence of the decision of the judge of the District Court for the plaintiff and rested. The defendant's only witness was asked on cross-examination whether he had testified at the earlier trial in the District Court. The judge asked plaintiff's counsel whether he had a transcript of the testimony in District Court. When counsel replied in the negative, the judge ruled that counsel could not ask questions as to the testimony of the witness in the District Court. The plaintiff appealed and the Supreme Judicial Court held that the questions were admissible without producing a transcript. The issue in *D & P Equip. Corp.* did not concern the right of opposing counsel to examine the statement used by counsel to impeach the witness.

We also note that, while it may be an analogous situation, this is not a case in which the defendant, while testifying, used the statement to refresh his memory. "The right of an opposing party to examine any paper used to refresh the recollection of any witness on the stand at the trial is beyond doubt." *Leonard* v. *Taylor*, 315 Mass. 580, 583 (1944), citing *Bendett* v. *Bendett*, 315 Mass. 59, 62 (1943).

sistent statement should have an opportunity to explain or elaborate on the alleged inconsistencies. See *Commonwealth v. Walker*, 370 Mass. 548, 570-571 (1976); *Commonwealth v. Hoffer*, 375 Mass. 369, 375-376 (1978). Thus, for the above reasons, opposing counsel is entitled to examine the entire statement, even if the witness, as here, admits that the statement is correct.[7]

The defendant argues that a new trial is not required because even if the trial judge committed error, the plaintiff has not shown that he has been harmed as a result. That argument is without merit. Because of the judge's ruling, the plaintiff has been foreclosed from examining the statement to ascertain if its contents were at variance with the part used by defense counsel to impeach the witness. Therefore, he is at a considerable disadvantage in arguing that a new trial is required.

We have not examined the statement nor has the trial judge. To solve the problem, we vacate the judgment entered on Count I. That matter is remanded to the Superior Court for a hearing before the trial judge to determine if there should be a new trial. At least ten days before the hearing, defense counsel must give to plaintiff's counsel a copy of the defendant's statement used for impeachment purposes at

---

[7]Different procedures are required before a witness may be impeached by a prior inconsistent statement, depending on which party placed the witness on the stand. A party is allowed to impeach his own witness provided "the circumstances [of such inconsistent statement] sufficient to designate the particular occasion shall be mentioned to the witness, and he shall be asked if he has made such statements, and, if so, shall be allowed to explain them." G. L. c. 233, § 23. See *Commonwealth v. Festa*, 369 Mass. 419, 426 (1976). No such foundation must be laid where, as here, a witness called by the other party is impeached with a prior inconsistent statement. Liacos, Massachusetts Evidence 142 (5th ed. 1981).

By placing our imprimatur on the requirement of disclosure and examination to opposing counsel in the circumstances of this case, we do not change the above requirements. Nor do we change the rule that a party does not have an absolute right to have produced at trial all notes or memoranda seen by a witness before trial but not used in court. See *Leonard v. Taylor*, 315 Mass. 580, 583-584 (1944).

trial.[8] If the judge does not grant a new trial, and the plaintiff does not appeal, judgment for the defendant on Count I shall be entered.

2. *Evidence of postaccident repairs.* The plaintiff argues that the judge committed error when he refused to allow him to question the defendant about repairs he made to the steps after the accident.

"Evidence of postaccident safety improvements is not admissible to prove negligence." *Martel* v. *Massachusetts Bay Transp. Authy.*, 403 Mass. 1, 4 (1988). However, "evidence of postaccident improvements may be admissible, in the judge's discretion and subject to limiting instructions, on a variety of other issues including that of the feasibility of making safety improvements."[9] *Blake* v. *Springfield St. Ry.*, 6 Mass. App. Ct. 553, 557 (1978). Such evidence is properly excluded when the judge, in his discretion, concludes that "the jury would be likely to infer negligence therefrom." *Ibid.* In the circumstances, the judge did not abuse his discretion in refusing to admit evidence of postaccident repairs.

3. *Closing argument of defense counsel.* In his closing argument, defense counsel repeatedly prefaced his sentences with "I think. . . ." At a bench conference following the argument, the plaintiff asked the judge to "instruct the jury that whatever [defense counsel] thinks and whatever [defense counsel] believes is irrelevant to their task." The judge had advised the jury, before closing arguments, that "[the attorneys'] personal opinions as to their belief or disbelief are really inappropriate." The judge also told the jury, after defense counsel's closing argument, "I reiterate — and you will

---

[8]The defendant did not argue at the trial level or in his appellate brief that examination of the defendant's statement was foreclosed by the work product doctrine. At argument, we pressed defendant's counsel to allow plaintiff's counsel to examine the statement forthwith in order to resolve the dispute. He refused, and in a letter to the panel claimed, for the first time, that the statement was part of his work product. His argument comes too late. See *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 87-88 (1977). In any event, in the circumstances, the work product doctrine may not even apply. See *United States* v. *Nobles*, 422 U.S. 225, 239 n.14 (1975).

[9]Control of the premises was not an issue in the case.

be hearing me say it again in the concluding instruction — and that is to emphasize that personal opinions of counsel — of either counsel — are not appropriate." The judge repeated the caution later during his instructions to the jury. The judge's instructions placed defense counsel's closing argument in proper perspective.

Moreover, in *Commonwealth* v. *Snyder*, 10 Mass. App. Ct. 896 (1980), the prosecutor's occasional use of "I think that . . ." was held "to be [a] rhetorical device[ ] rather than [a] suggestion[ ] of personal knowledge or opinion when his argument [was] read for its total effect." *Id.* at 896 (citations omitted). Contrast *Commonwealth* v. *Villalobos*, 7 Mass. App. Ct. 905 (1979), where the prosecutor's statements indicated "that he had personal knowledge independent of the trial evidence." The situation in the case at bar is similar to the *Snyder* case: defense counsel's closing argument read in its entirety reveals that he was saying "I think" rhetorically and not as an attempt to interject his personal opinion about the evidence.

The judgment on Count I is vacated, and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*