A jury convicted the defendant of two counts of assault and battery and one count of trespass. The only issue on appeal is whether the judge abused his discretion in admitting statements made by the victim to a police officer under the spontaneous utterance exception to the rule against hearsay. We affirm.
The jury could have found the following facts. On June 15, 2014, at approximately 3:00 A.M. , the defendant picked up the victim, who was working as a prostitute in Worcester. They drove roughly half an hour to a place the defendant said he would feel safe, and after a dispute about prepayment for a requested sex act, the defendant struck the victim twice-once in the head and once in the ribs. He then pushed her from his truck in the wooded location he had brought her to, and followed behind her as she ran, eventually forcing her to dive out of the way for fear of being run over.
The defendant then left, and the victim eventually stopped a passing vehicle and the operator of that vehicle called the police. An officer responded promptly at approximately 4:30 A.M. , nearly an hour after the alleged assault, and testified that the victim ran to his cruiser while "appear[ing] to be upset and on the verge of tears. Her eyes were welling up. She was breathing quickly. She was moving her arms as she was talking. She was breathing quickly or hyperventilating." The testimony admitted under the spontaneous utterance exception is as follows: the victim said "that she was left in the woods and she doesn't know where she was, and then she said that she was punched and pushed from a vehicle by Steven."
A voir dire preceded the above testimony, after which the judge determined that the testimony from the officer was admissible as a spontaneous utterance exception to the hearsay rule. He focused his decision on the victim's actions in running toward the police officer while waving her hands, her hyperventilating and talking quickly, and the fact that the conversation took place in the middle of the night "in a remote area." The judge further held that any remaining statements made by the victim to the officer were inadmissible hearsay, as the evidence suggested that there was "a dissipation of the excitement" after her initial contact with the officer.
The defendant objected to the admission of that testimony at trial and now appeals on that basis. He contends that too much time had passed between the assault and the victim's statements to the police officer for them to be deemed a spontaneous utterance, and the statements were therefore testimonial. As such, he contends, the admission of those statements violated the rule against hearsay.
A statement is admissible as a spontaneous utterance "if (1) there is an occurrence or event 'sufficiently startling to render inoperative the normal reflective thought processes of the observer,' and (2) if the declarant's statement was 'a spontaneous reaction to the occurrence or event and not the result of reflective thought.' " Commonwealth v. Santiago, 437 Mass. 620, 623 (2002) (citation omitted). "[T]here can be no definite and fixed time limit [between the incident and the statement]. Each case must depend upon its own circumstances." Commonwealth v. Barbosa, 477 Mass. 658, 672 (2017), quoting from Mass. G. Evid. § 803(2) note (2017). "A trial judge's determination that an utterance meets the test of admissibility should be given deference and 'only in clear cases ... of an improper exercise of discretion should [the judge's] ruling be revised.' " Ibid., quoting from Commonwealth v. McLaughlin, 364 Mass. 211, 223 (1973). In reviewing for an abuse of discretion, we defer to the judge's decision "unless the judge has made 'a clear error of judgment in weighing' the factors relevant to the decision, ... such that the decision falls outside the range of reasonable alternatives." Commonwealth v. Alleyne, 474 Mass. 771, 779 (2016), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
We conclude there was no abuse of discretion in the judge's admission of the testimony in question. He provided a well-reasoned explanation for his decision, and his decision to limit the testimony to statements made prior to the "dissipation of the excitement" reflects a clear mindfulness of the foundational requirements for the admission of a spontaneous utterance. Considering the time and location of the conversation between the victim and officer, the nature of the alleged assaults, and the fact that the victim remained alone in an unfamiliar wooded location with her attacker potentially still in the area, we conclude that the judge's admission of the challenged testimony was well within the range of reasonable alternatives. See Commonwealth v. Crawford, 417 Mass. 358, 362 (1994) (child's statement made five hours after exciting cause correctly admitted); Commonwealth v. Grant, 418 Mass. 76, 81 (1994) (witness's statements to detective approximately one hour after a shooting admissible). "[S]tatements need not be strictly contemporaneous with the exciting cause; they may be subsequent to it, provided there has not been time for the exciting influence to lose its sway and be dissipated." Rocco v. Boston-Leader, Inc., 340 Mass. 195, 197 (1960). In a justified exercise of his discretion, the judge concluded that the influence from the assault had not dissipated by the time the victim first encountered the officer. There was no error.
Judgments affirmed.