COMMONWEALTH *vs.* DAVID ROCKETT.

No. 96-P-15.

Bristol. May 20, 1996. - July 31, 1996.

Present: KASS, JACOBS, & FLANNERY, JJ.

*Evidence,* Hearsay, Spontaneous utterance, Relevancy and materiality.

At a criminal trial, the judge did not abuse her discretion in ruling that a spontaneous exclamation, made by an unknown person, of the word "David" (the defendant's first name), as a person identified as the defendant fled the scene of the crime, was relevant and was more probative than prejudicial, nor was the ruling erroneous. [6-7]

INDICTMENTS found and returned in the Superior Court Department on January 9, 1992.

The cases were tried before *Elizabeth J. Dolan, J.*

*Dennis M. Powers* for the defendant.

*Elspeth B. Cypher,* Assistant District Attorney, for the Commonwealth.

FLANNERY, J. A Superior Court jury convicted the defendant of breaking and entering a dwelling in the nighttime with intent to commit a felony (G. L. c. 266, § 14) and assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A). He claims on appeal that an evidentiary ruling by the trial judge was harmful error. We think not, and affirm the convictions.

After wounding an occupant with a knife, the burglar fled the premises. As he was hurrying down the street away from the dwelling, an unknown voice from the direction in which he was heading called out, "David." Testimony to that effect was objected to by the defendant as "obviously a highly prej-

udicial statement." The trial judge admitted it as "part of the res gestae."[1]

The statement was an out-of-court declaration offered to show that the person hurrying away from the dwelling was the defendant; that is to say, it was hearsay. Such a statement is inadmissible in evidence unless it comes within a recognized exception to the rule of exclusion.[2] The term res gestae (part of the happening) is in judicial and academic disfavor. See Liacos, Massachusetts Evidence § 8.16 (6th ed. 1994); Hughes, Evidence § 569 (1961). However, under labels that are more precisely descriptive or explanatory, as "spontaneous exclamation" or "excited utterance," such statements are admitted, provided that they relate to the event at issue and bear indicia of trustworthiness, e.g., spontaneity and absence of a motive to fabricate. See *Commonwealth* v. *Giguere,* 420 Mass. 226, 233-234 (1995). Trial judges have broad discretion to decide admissibility, see *Rocco* v. *Boston-Leader, Inc.,* 340 Mass. 195, 197 (1960), and the prosecution is not required "to produce the declarant at trial or to demonstrate unavailability." *Commonwealth* v. *Crawford,* 417 Mass. 350, 364 (1994). See also *Commonwealth* v. *Alvarado,* 36 Mass. App. Ct. 604, 606-607 (1994); Liacos, Massachusetts Evidence § 8.16, at 520 (6th ed. 1994 & Supp. 1995).[3] The trial judge here ruled, in effect, that the requirements for admission as a spontaneous exclamation exception to the hearsay rule were met, and we do not disturb that exercise of her discretion.

As noted, the defendant objected to the evidence on rele-

[1]The prosecutor's initial proffer called the evidence "hearsay" that should be admitted as "either an excited utterance, or as a present sense impression." The defendant's objection, like his contention here, was on relevancy grounds, i.e., the word "David" was prejudicial but not probative because its meaning was uncertain and because, the declarant being unknown, it was without foundation. It appears from her ruling that the judge analyzed it as hearsay. Neither ground of objection has merit.

[2]We do not invoke the line of authority to the effect that such statements, whether or not they are labeled hearsay, are admissible to give the jury the benefit of the complete occurrence. See *Commonwealth* v. *Simpson,* 300 Mass. 45, 50 (1938); *Commonwealth* v. *Murphy,* 356 Mass. 604, 609 (1970); *Commonwealth* v. *Harris,* 376 Mass. 201, 207 (1978).

[3]The defendant does not contend that he was deprived of his constitutional rights either under the Sixth Amendment to the United States Constitution or art. 12 of the Massachusetts Declaration of Rights. The issue whether art. 12 affords broader rights than the Sixth Amendment has not yet been addressed. See *Crawford, supra* at 366; *Alvarado, supra* at 606 n.2.

Commonwealth *v*. Rockett.

vancy grounds, i.e., that its prejudicial effect outweighed its probative value.[4] This case would be different if the unidentified voice had called out "Rocky," without proof that is the defendant's nickname. The probative relationship between "Rocky" and Rockett, without more, would be too conjectural. (If, on the other hand, the voice had said, "David Rockett, where are you going?" relevancy would not be an issue.) We have long taken an expansive view of relevancy. See *Commonwealth* v. *Woods*, 414 Mass. 343, 356, cert. denied, 510 U.S. 815 (1993). In order to admit the evidence, the inference that the proponent is asking the jury to draw need not be the only plausible one. The trial judge's admission of "David" was not an abuse of her discretion.[5]

In addition to the foregoing considerations, we note that there was other evidence identifying the defendant as the burglar. In particular, Paul Cabral, who had been in the presence of the defendant previous to that night testified that he and the man with a knife, who jumped off the dwelling steps and ran down the street, looked at each other, and that man was the defendant. His description of the person's build and what he was wearing matched the description given by the witness who heard "David."

The judge's evidentiary rulings were not erroneous.

*Judgments affirmed.*

---

[4]A relevancy objection is different from a hearsay one, but here the two objections are closely related. One way of arguing that an excited utterance does not relate to the underlying event is to urge that the relationship between the fact ("David") and the ultimate issue (the identity of the burglar) is too speculative.

[5]Defendant's trial counsel, while objecting to that testimony, impliedly conceded its relevancy by arguing, not that some other "David" was being called and that the linkage to the defendant would be unfairly conjectural, but that the word was perhaps "behave" or some other sound-alike.