COMMONWEALTH *vs.* ABDULE BROWN.

Suffolk. October 7, 1992. - November 12, 1992.

Present: LIACOS, C.J., NOLAN, LYNCH, & GREANEY, JJ.

*Evidence*, Hearsay, Spontaneous utterance.

At the trial of an indictment charging assault and battery on a three and one-half year old child, the judge properly exercised his discretion in admitting in evidence, under the spontaneous utterance exception to the hearsay rule, the victim's statements in response to questions asked her, approximately five hours after the incident, by a hospital physician who was treating her serious injuries. [695-697]

INDICTMENT found and returned in the Superior Court Department on December 6, 1988.

The case was tried before *John J. Irwin, Jr.*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Carlo A. Obligato*, Committee for Public Counsel Services, for the defendant.

*Thomas J. Mundy*, Assistant District Attorney (*Vincent R. McDonough*, Assistant District Attorney, with him) for the Commonwealth.

GREANEY, J. We granted the defendant's application for further appellate review in this case primarily to consider whether the trial judge properly admitted in evidence under the spontaneous exclamation exception to the hearsay rule answers given by the three and one-half year old victim in response to two questions asked by a physician at Boston City Hospital. The Appeals Court, in an unpublished memorandum and order entered pursuant to its rule 1:28, held that

the evidence had been correctly admitted.[1] 32 Mass. App. Ct. 1114 (1992). We conclude that the trial judge acted within his discretion in admitting the victim's statements as a spontaneous exclamation. Consequently, we affirm the defendant's conviction of assault and battery by means of a dangerous weapon.

The background of the case is as follows. The defendant was tried before a jury in the Superior Court on three indictments, one indictment charging mayhem, and two indictments charging assault and battery by means of a dangerous weapon. The latter indictments described the dangerous weapon as a belt in one instance and scalding water in another. All the indictments concern severe physical abuse of the three and one-half year old daughter of the defendant's girl friend. At the close of the Commonwealth's case, the judge allowed a motion for a required finding of not guilty on the charge of assault and battery by means of a belt. The jury returned a verdict of not guilty on the mayhem charge and a verdict of guilty on the indictment charging assault and battery by means of scalding water.

The Commonwealth presented evidence on the latter indictment indicating that the defendant had forcibly immersed the victim in a bathtub of scalding water causing severe burns to the lower half of her body. The victim was taken by ambulance to the emergency room of Boston City Hospital and on examination was found to have various bumps, scratches, bruises, and scars unrelated to the scalding. Signs of a recent skull fracture and an unrelated healing burn mark on her back were also discovered. There was evidence that both the defendant and the victim's mother, had struck the victim with a belt and with their hands at various times. The defendant, while admitting that he had occasionally struck the victim in order to discipline her, asserted that the scalding was accidental. He testified that, after the child

---

[1]The defendant also argued before the Appeals Court that the content of the prosecutor's closing argument denied the defendant a fair trial. The Appeals Court rejected this claim. We adopt the Appeals Court's disposition of the issue and need not separately discuss it.

had urinated on herself, he told her to undress and to get ready for a bath; that he turned on the bath water and then left the room to attend to another child. He speculated that, while he was out of the bathroom, the victim had climbed or fallen into the bathtub and had bumped her head causing the skull fracture, and that such a blow left her so stunned that she was insensitive to the pain caused by the hot water and without ability to extricate herself. The defendant also testified that the victim remained in the tub until he noticed that "something was wrong" and pulled her out.

Against this background, Barbara G. Coops, a pediatric physician, testified over objection that, after examining the victim at Boston City Hospital, she asked the victim, "[D]id anyone hit you?" After "[the victim] nodded yes," the physician asked her, "Who hit you?," and the victim stated, "Abdule." This brief conversation occurred approximately five hours after the scalding episode. There was evidence that the victim had suffered first, second, and third degree burns over forty per cent of her body, that the burns were extremely painful, and that from the waist down she had areas of blisters, peeling skin, and exposed flesh where her skin had fallen off. Dr. Coops described the victim as "terrified," "tremulous," and "scared," when she examined her. There was also evidence that the victim had been medicated with morphine prior to her examination by Dr. Coops. The judge admitted this testimony in evidence as a spontaneous exclamation after a voir dire where he considered the arguments of counsel and the relevant case law. This ruling was a proper exercise of discretion.

Under the spontaneous exclamation exception to the hearsay rule, "a statement is admissible if its utterance was spontaneous to a degree which reasonably negated premeditation or possible fabrication and if it tended to qualify, characterize and explain the underlying event." *Blake* v. *Springfield St. Ry.*, 6 Mass. App. Ct. 553, 556 (1978). See *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 222-223 (1973). The statements " 'need not be strictly contemporaneous with the exciting cause' . . . Wigmore on Evidence (3d ed.) § 1750."

*Rocco* v. *Boston-Leader, Inc.*, 340 Mass. 195, 197 (1960). In determining whether an utterance meets the tests of admissibility, the trial judge "ought to be given broad discretion. . . . [A]nd only in clear cases . . . of an improper exercise of discretion should his ruling be revised." *Commonwealth* v. *McLaughlin, supra* at 223, quoting *Rocco* v. *Boston-Leader, Inc., supra.* See *Commonwealth* v. *Fuller*, 399 Mass. 678, 682 (1987).

The judge could find that the statements in this case were made by a very young victim, at a time when she was under the stress of extreme trauma and pain, and in a context where she would be expected to be truthful. A further indicium of reliability is that the victim volunteered information, rather than simply agreeing with statements made by Dr. Coops. The judge, therefore, could conclude that the statements were inherently reliable and, as such, admissible for the jury's ultimate consideration. Precise contemporaneousness is not required so long as it appears that, notwithstanding the passage of some time, the statements were made under the stress of the exciting event, a circumstance which is present here. See, e.g., *Guthrie* v. *United States*, 207 F.2d 19, 23 (D.C. Cir. 1953) (statement eleven hours after assault); *State* v. *Starcevich*, 139 Ariz. 378, 387-388 (Ct. App. 1983) (statement about nine hours after rape); *People* v. *Nevitt*, 135 Ill. 2d 423, 443-446 (1990) (statement about five hours after sexual assault); *State* v. *Crowhurst*, 470 A.2d 1138, 1145 & n.4 (R.I. 1984) (statement about three hours after event). Also, the fact that the statements were made in response to questions does not render them inadmissible. *Commonwealth* v. *Fuller, supra* at 682-683 & n.8.

The defendant argues, citing *Commonwealth* v. *Zagranski*, 408 Mass. 278, 285 (1990), that the statements did not tend to qualify, characterize, and explain the event that prompted them. He maintains that the statements disclosed nothing to explain the scalding incident, and, with respect to the alleged assault and battery by means of a belt, failed to indicate when the defendant may have hit the victim, what instrument might have been used, or whether any blow was

in the range of permissible punishment for someone, like the defendant, who stood in loco parentis to the victim.

This argument in our view takes too constricted a view of the evidence. At the time admitted, the statements were relevant to explain the assault and battery by means of a belt indictment, and they also tended to shed light on the scalding incident.[2] See *Commonwealth* v. *Sellon*, 380 Mass. 220, 229-230 (1980) (comment by victim of an acid attack that "[the defendant] hit [me] the first time from behind," properly introduced as a spontaneous exclamation which related to entire sequence of events). The statements also had relevance to the defendant's state of mind and intent by tending to show that he may have been inclined to commit any of the assaults alleged. The judge gave a careful limiting instruction on the last point, advising the jury that they were not to consider the evidence unless they were satisfied that the defendant had physically abused the victim in the past.

We conclude that the judge did not abuse his discretion in admitting the statements under the spontaneous exclamation exception to the hearsay rule.[3]

*Judgment affirmed.*

---

[2]The fact that the indictment charging assault and battery by means of a dangerous weapon, namely a belt, was subsequently removed from the case is of no consequence, because the statements still had probative force with respect to the scalding and to what the jury could find was a pattern of abusive conduct on the part of the defendant.

[3]The Commonwealth argues at least one other theory that may support admissibility which was not considered by the judge. We need not examine the theory in view of our conclusion that the statements were properly admitted as a spontaneous exclamation.