## COMMONWEALTH vs. GLEN BURNETT.

Hampden. March 9, 1994. - May 10, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Homicide. Evidence*, Prior conviction, Spontaneous utterance, Judicial discretion. *Witness*, Credibility.

At the trial of an indictment for motor vehicle homicide, the judge correctly excluded evidence of a witness's prior conviction for "operating to endanger" for which only a fine had been imposed, offered by the defendant for impeachment purposes, where the conviction did not satisfy the requirements for admissibility set forth in G. L. c. 233, § 21, Fourth. [742-743]

At the trial of an indictment for motor vehicle homicide, the judge did not err in the exercise of his discretion in excluding evidence offered for its truth as a spontaneous utterance, where the proffered statement was made one and one-half hours after the accident in question, in a hospital, by a person who had been treated by a doctor and who did not appear in any way to be under stress from the incident. [743-745]

INDICTMENT found and returned in the Superior Court Department on May 31, 1991.

The case was tried before *Daniel A. Ford*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Brownlow M. Speer* for the defendant.

*Judith Ellen Pietras*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant, Glen Burnett, appeals from his conviction of motor vehicle homicide. See G. L. c. 90, § 24G (a) (1992 ed.). The defendant raises two issues on appeal. He alleges that it was error for the judge to preclude him from impeaching the credibility of a witness, the driver of the other vehicle, with his prior conviction for "operating to endanger." See G. L. c. 233, § 21, Fourth (1992 ed.).

The defendant also challenges the judge's refusal to admit, as an excited utterance, an out-of-court statement made by the driver of the other automobile. We conclude that the judge's rulings were correct, and now affirm.

*Facts.* We set forth the facts in the light most favorable to the Commonwealth. *Commonwealth* v. *Salemme,* 395 Mass. 594, 595 (1985). In the early morning of October 20, 1990, Leonard Besner and Thomas White were headed south in the left lane on Roosevelt Avenue in Springfield. Besner was driving. An automobile coming from the opposite direction, in rounding a corner, crossed over the double yellow line and collided with Besner's vehicle. As a result of the collision, Thomas White died of massive injuries due to blunt trauma. The defendant admitted that he was the driver of the second vehicle.

The evidence indicated that both drivers had consumed alcoholic beverages. Burnett testified that he had consumed a forty-ounce beer earlier in the afternoon. Besner testified that he drank two mixed drinks at a bar that night before driving. Blood samples revealed that Burnett's blood alcohol level was .17. Besner's blood alcohol level was .07.

Donna Morrissette and Kelly Connor were following approximately four automobile lengths behind Besner at the time of the accident. The two women met Besner and White earlier that evening at the bar. Connor and Besner were planning to go out to breakfast. Morrissette and Connor both testified that they saw Burnett's vehicle cross over the yellow line and hit Besner's car. In addition, a Springfield police officer assigned to the traffic bureau testified that he was able to determine, from the location of debris from the vehicles, that the point of impact was in Besner's lane of travel. The officer stated that a "head-on collision with some speed involved" was caused by the defendant's crossing the double line into Besner's lane.

Burnett said that he was driving north on Roosevelt Avenue with a friend, Tamara Henson, when he saw lights coming toward him in his lane. He attempted unsuccessfully to swerve to avoid hitting the automobile. He became uncon-

scious as a result of the accident and remembered nothing after the moment of impact. Tamara Henson corroborated the defendant's version that Besner's automobile crossed over the line, causing the accident. Defense counsel argued to the jury that it was Besner, not the defendant, who crossed over the center line. He argued that the evidence showed Besner had been drinking. A jury convicted the defendant of motor vehicle homicide.

1. *Evidence of prior convictions under G. L. c. 233, § 21, Fourth.* General Laws c. 233, § 21, Fourth, provides, in relevant part: "The conviction of a witness of a crime may be shown to affect his credibility, except as follows: . . . the record of his conviction for a traffic violation upon which a fine only was imposed shall not be shown for such purpose unless he has been convicted of another crime or crimes within five years of the time of his testifying."

The defendant sought to introduce evidence that Besner had a prior conviction for operating to endanger, for which he was fined $50. The defendant contends that "operating to endanger" is far more serious than the sort of offenses contemplated by G. L. c. 233, § 21, Fourth. He argues that the statute was not intended to exclude a more serious offense like operating to endanger which carries a possible penalty of two years imprisonment. See G. L. c. 90, § 24 (2)(*a*) (1992 ed.). The defendant asserts that it was error for the judge to deny him the opportunity to impeach Besner with a prior conviction. We do not agree.

The plain language of G. L. c. 233, § 21, Fourth, excludes convictions "for a traffic violation upon which a fine only was imposed." The use of the word "only" implies that some traffic violations will be serious enough to be punishable by imprisonment. The statute draws a distinction based on what punishment was actually imposed, not what punishment could possibly have been imposed. If a conviction for operating to endanger results in imprisonment, the conviction does not come within the terms of G. L. c. 233, § 21, Fourth. The judge correctly excluded the evidence because the con-

viction did not satisfy the requirements of G. L. c. 233, § 21. There was no error.[1]

2. *Excited utterance.* The defendant attempted to introduce a statement made by Besner at the hospital, one and one-half hours after the accident. The defendant's mother, Mrs. Burnett, overheard Besner say to Thomas White's sister that he and White had drunk a couple of beers, "some hard stuff," and had "smoked shorts." Defense counsel offered the statement, for its truth, on the basis of the spontaneous utterance exception to the hearsay rule.

"Under the spontaneous exclamation exception to the hearsay rule, 'a statement is admissible if its utterance was spontaneous to a degree which reasonably negated premeditation or possible fabrication and if it tended to qualify, characterize and explain the underlying event.' " *Commonwealth v. Fuller*, 399 Mass. 678, 682 (1987), quoting *Blake v. Springfield St. Ry.*, 6 Mass. App. Ct. 553, 556 (1978). In determining whether an utterance meets the tests of admissibility, the trial judge ought to be given broad discretion. "[O]nly in clear cases . . . of an improper exercise of discretion should his ruling be revised." *Id.*, quoting *Commonwealth v. McLaughlin*, 364 Mass. 211, 223 (1973). See *Commonwealth v. Zagranski*, 408 Mass. 278, 285 (1990).

The judge held a voir dire in order to evaluate the proposed testimony of Mrs. Burnett. On voir dire, Mrs. Burnett did not indicate that Besner was excited or upset when he made the statement. She did not state that Besner appeared in any way to be under the stress of the accident. Further, the statement was of questionable reliability because Mrs.

---

[1] The defendant, relying on rule 609 (a) of the Proposed Massachusetts Rules of Evidence (1980), claims that a judge does not have discretion to exclude evidence of a conviction of a witness other than the defendant. Rule 609 (a) provides: "There shall be no discretion to exclude a prior conviction offered to impeach the credibility of any other witness [than the accused]." We have not adopted the proposed rules. See *Commonwealth v. Bucknam*, 20 Mass. App. Ct. 121, 123-124 (1985).

Burnett said that she did not fully understand what she had heard.[2]

The defendant relies on *Commonwealth* v. *Brown*, 413 Mass. 693 (1992), in which we stated that "[p]recise contemporaneousness is not required so long as it appears that, notwithstanding the passage of some time, the statements were made under the stress of the exciting event." *Id.* at 696, and cases cited. In *Brown*, the statements were "made by a very young victim, at a time when she was under the stress of extreme trauma and pain, and in a context where she would be expected to be truthful." *Id* at 696. See *Commonwealth* v. *Crawford, ante* 358, 362-363 (1994) (statements made by young child who remained in the company of the alleged perpetrator after the traumatic event). The victim in *Brown* was receiving medical treatment when she made the statements. Besner, in contrast, was an adult victim, who appeared calm, and had already received medical treatment. None of the additional elements of spontaneity and reliability present in *Brown* was present here.

The defendant further argues that, even if the judge could have excluded the statements, the ruling must be reversed because the judge mistakenly assumed he had no discretion to admit the statements. The record does not support the defendant's claim that the judge abdicated his discretion. On the contrary, the judge made it clear to the parties that his mind was open to argument on the issue. The judge stated, "[The statement] is not in yet. You may change my mind."

The judge was concerned that the statement was made too long after the accident. In making his determination whether the statement was an excited utterance, the judge could consider the lapse of time as bearing on whether the statement was spontaneous and under the influence of the exciting event. The judge did not err. in the exercise of his "broad

---

[2]Defense counsel asked Mrs. Burnett if Besner's statement that he "smoked shorts" meant that he had smoked "joints." Mrs. Burnett responded that she "didn't know what that meant, [she] just overheard it."

discretion" in excluding the statement. See *Commonwealth
v. Fuller, supra* at 682.

*Judgment affirmed.*