COMMONWEALTH vs. FRANCISCO O. ALVARADO.

No. 93-P-1184.

Essex. February 8, 1994. - June 3, 1994.

Present: DREBEN, JACOBS, & GILLERMAN, JJ.

*Evidence*, Hearsay, Spontaneous utterance, Cross-examination. *Constitutional Law*, Confrontation of witnesses.

At a criminal trial, statements of a witness to police officers, to the effect that she had argued with the defendant just before the police arrived and that the defendant had bitten and hit her, were properly admissible as spontaneous utterances, where the officers' short response time, the apartment's disarray and the witness's appearance provided ample evidence of the statements' spontaneity and reliability. [605-606]

A criminal defendant was not deprived of his rights of confrontation under the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights by a witness's assertion at trial of her right to remain silent and by the judge's proper admission in evidence of the witness's out-of-court statements under the spontaneous utterance exception to the hearsay rule. [606-607]

Evidence at a criminal trial was sufficient to warrant the denial of the defendant's motions for a required finding of not guilty. [607]

COMPLAINT received and sworn to in the Lawrence Division of the District Court Department on February 14, 1992.

The case was heard by *Kevin M. Herlihy*, J.

*Maureen L. Fox* for the defendant.

*S. Jane Haggerty*, Assistant District Attorney, for the Commonwealth.

JACOBS, J. The defendant appeals from his conviction of assault and battery in violation of G. L. c. 265, § 13A, after a trial, without jury, in the District Court. We affirm.

The evidence supporting the conviction consisted essentially of the testimony of two police officers who stated that upon arriving at the apartment of Wanda Quiles within a minute of receiving a radio transmission, "[s]he appeared to

be very upset. Her entire face was wet with tears," and "[s]he was hysterical, crying; very, very emotional, upset, . . . and very nervous." The police officers testified that Quiles was alone in the apartment and told them that she was upset because she and the defendant "were just involved in an argument," which occurred "just before our arrival [at] her apartment." They also testified, over objection, that she told them that the defendant hit and bit her in the course of their argument. The police officers testified to observing bite marks on Quiles's body which generally were consistent with her description of what had happened. The officers also testified that she said several kitchen chairs had fallen in the course of the fight, and one of the officers testified to seeing chairs tipped over and "other things thrown about" in the kitchen.

Called by the prosecution, Ms. Quiles denied that the defendant had bitten her, claimed that she had arranged to have a friend staying at her house bite her "[b]efore the cops came," and essentially otherwise invoked her rights under the Fifth Amendment to the Federal Constitution with respect to all other questions. Before proceeding with his case, the defendant unsuccessfully moved for a dismissal on the ground that he was effectively denied his right of cross-examination. His motions for a required finding of not guilty made at the close of the prosecution's and the defendant's cases were also denied. The defendant essentially argues that Quiles's out-of-court statements were erroneously admitted in evidence and that he was denied his constitutional right of confrontation.

Given the officers' observations of the physical disarray in the apartment, Quiles's excited emotional state, the bite marks on her body, her statement that the confrontation with the defendant had "just" occurred, and the brief lapse of time between the officers' being called and arriving at the apartment, it was well within the judge's "broad discretion" to admit Quiles's out-of-court statements under the spontaneous exclamation exception[1] to the hearsay rule. *Common-*

---

[1]The general exception involves a statement variously described as a spontaneous declaration, spontaneous utterance, and excited utterance. We

*wealth* v. *Zagranski*, 408 Mass. 278, 285 (1990). "For the purpose of the . . . exception . . . an utterance is spontaneous if it is made under the influence of an exciting event and before the declarant has had time to contrive or fabricate the remark, and thus it has sufficient indicia of reliability. . . . The spontaneous utterance must qualify, characterize, and explain the underlying event that prompted the excited utterance." *Ibid.* See *Commonwealth* v. *Fuller*, 399 Mass. 678 (1987); *Commonwealth* v. *Brown*, 413 Mass. 693 (1992). Here, Quiles's statements clearly spoke to and described the events that prompted them, and there was ample evidence of their spontaneity.

For the first time on appeal, the defendant claims that the out-of-court statements should not have been admitted since there was no evidence of their spontaneity independent of the statements themselves. This argument ignores the independent evidence of spontaneity in the form of the police officers' response time and their observations of Quiles's excited state, the bite marks, and the disarray within the apartment. It also runs counter to the principle underlying the analogous, "generally prevailing practice" under which "the statement itself is taken as sufficient proof of the exciting event." 2 McCormick, Evidence § 272, at 217-218 (4th ed. 1992). Contrast *People* v. *Burton*, 433 Mich. 268 (1989).

The defendant also contends that he was deprived of his confrontation rights under the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights[2] by Quiles's reliance on her Fifth Amendment rights. "[E]xceptions to the hearsay rule, including . . . spontaneous exclamations . . . are part of our

---

use the term most recently appearing in cases and publications. See *Commonwealth* v. *Brown*, 413 Mass. 693 (1992); Liacos, Massachusetts Evidence § 8.16 (6th ed. 1994).

[2]The defendant makes no independent argument that art. 12 affords broader rights than the Sixth Amendment. See *Commonwealth* v. *Trigones*, 397 Mass. 633, 636 n.1 (1986); *Commonwealth* v. *Cowie*, 404 Mass. 119, 122 n.6 (1989); *Commonwealth* v. *Hudson*, 404 Mass. 282, 283 n.2 (1989). Compare *Commonwealth* v. *DiPietro*, 373 Mass. 369, 375-380 (1977).

law." *Opinion of the Justices*, 406 Mass. 1201, 1213 (1989). Notwithstanding the importance of cross-examination in our jurisprudence, "where proffered hearsay has sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied." *White* v. *Illinois*, 502 U.S. 346, 356 (1992). Moreover, the technical unavailability of Quiles established by her invocation of her Fifth Amendment rights effectively satisfied Sixth Amendment requirements. *Ohio* v. *Roberts*, 448 U.S. 56, 65-66 (1980). *Commonwealth* v. *Bohannon*, 385 Mass. 733, 740-749 (1982). *Commonwealth* v. *Trigones*, 397 Mass. 633, 636-638 (1986). *Commonwealth* v. *Bergstrom*, 402 Mass. 534, 545 (1988). *Opinion of the Justices, supra* at 1210-1211. It is also significant that the defendant, in his limited cross-examination, was able to elicit testimony from Quiles that she was angry at the defendant on the day that she had spoken to the police officers and that she had not been bitten by the defendant but rather by an accommodating friend. Further cross-examination was unlikely to be more impeaching. The defendant's reliance on *Commonwealth* v. *Funches*, 379 Mass. 283 (1979), is misplaced since that decision merely would have supported the allowance of a motion to strike "[s]ome or all of the direct testimony" of Quiles based upon her invocation of her constitutional privilege against self-incrimination. *Id.* at 292-293. See *Commonwealth* v. *Kirouac*, 405 Mass. 557, 562 & n.5 (1989). Such striking would not reach the out-of-court statements related by the police officers. In view of our decision as to their admissibility, those statements comprise evidence sufficient to withstand the defendant's motions for a required finding of not guilty. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979).

*Judgment affirmed.*