## Commonwealth *vs.* Robert E. Jenner.

Plymouth. October 14, 1997. - November 19, 1997.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Marshall, & Ireland, JJ.

*Evidence,* Motive. *Practice, Criminal,* Instructions to jury, Capital case. *Homicide.*

At the trial of an indictment for murder in the first degree, the judge erred in allowing in evidence testimony that, in the months preceding her death, the victim had told two persons that she feared the defendant would kill her. however, the defendant was not significantly prejudiced where there was ample properly admitted independent evidence of the nature of their relationship and where the evidence had no bearing on the principal defense of lack of criminal responsibility. [164-166]

In a murder case in which the evidence demonstrated that the victim was stabbed twelve times in the stomach and chest, there was no evidentiary basis for the jury to consider the judge's erroneous instruction that killing with a single blow could constitute murder by means of extreme atrocity or cruelty and no basis thereupon for a grant of a new trial. [166]

At a first degree murder trial, no substantial likelihood of a miscarriage of justice arose from the judge's erroneous instruction on the *Cunneen* factors (*Commonwealth* v. *Cunneen,* 389 Mass. 216, 227 [1983]), to be considered by the jury in determining whether the defendant committed the murder with extreme atrocity or cruelty, where on the evidence presented, the jury could only have based their finding on one or more of the *Cunneen* factors. [166-167]

INDICTMENTS found and returned in the Superior Court Department on February 8, 1993.

The case was tried before *Cortland A. Mathers,* J.

*Bruce Ferg,* Committee for Public Counsel Services, for the defendant.

*Gail M. McKenna,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. A jury convicted the defendant of murder in the first degree without specifying the theory on which the convic-

tion was based.[1] On appeal, the defendant contends the trial judge erred in (1) admitting the victim's statements that she feared the defendant; and (2) instructing the jury regarding extreme atrocity or cruelty. He also requests that, pursuant to our plenary power under G. L. c. 278, § 33E, we either order a new trial or reduce the degree of guilt. For the reasons set forth below, we affirm the convictions and decline to exercise our § 33E power.

1. *Facts.* We set forth the facts in the light most favorable to the Commonwealth, reserving certain details for discussion in conjunction with certain issues raised. See *Commonwealth* v. *Nichypor,* 419 Mass. 209, 210 (1994); *Commonwealth* v. *Burnett,* 417 Mass. 740, 741 (1994). On the evening of January 8, 1993, the defendant entered a nursing home where the victim, his estranged wife, was working. After locating her on the second floor, the defendant dragged the victim to the elevator which took them to the ground floor. Witnesses testified that, as this was occurring, the victim looked very scared, and was mouthing, "Help me." The defendant and the victim, who continued to resist, then made their way toward the nursing home's front door, at which time he began stabbing her repeatedly in the stomach. After being interrupted briefly by a nursing home orderly, the defendant returned to the victim, again stabbing her in the stomach and chest. As he did so, he screamed, "Now you're getting yours and you're getting everything you deserve." The defendant's principal defense was lack of criminal responsibility.

2. *The victim's statements.* The judge allowed, over the defendant's objection, two witnesses for the Commonwealth to testify that, in the months preceding her death, the victim had told them that she feared that the defendant would kill her. The defendant now claims that this was error, and that the resulting prejudice he suffered was such that a new trial is required. Although we agree that the testimony should not have been admitted, we conclude that a new trial is not required.

"A murder victim's attitude of contempt or hostility toward the defendant, when it is known to the defendant, . . . might warrant a fact finder's determination that the defendant

---

[1]The defendant was also convicted of assault and battery on one William F. Baker by means of a dangerous weapon and sentenced to a term of from nine to ten years to be served from and after the sentence of life imprisonment imposed on the murder conviction.

responded by killing the victim." *Commonwealth* v. *Qualls*, 425 Mass. 163, 168 (1997). However, "[a] murder victim's statement that he feared the defendant, even if made known to the defendant, sheds no light on whether the defendant had a motive to kill him, and therefore is not admissible in the defendant's trial for murder." *Id.* at 169. See *Commonwealth* v. *Seabrooks*, 425 Mass. 507, 512-513 n.7 (1997) (victim's statement describing her "fear of the defendant . . . should not have been admitted"); *Commonwealth* v. *Cyr*, 425 Mass. 89, 94 (1997) (admission of "statements of [the victim] as to her fear of the defendant was erroneous"). It was therefore error to admit the victim's statements that she feared that the defendant would kill her.

To warrant a new trial, however, we must also conclude that the error "weakened the defendant's case in some significant way." *Commonwealth* v. *Cyr, supra* at 95. See *Commonwealth* v. *Schulze*, 389 Mass. 735, 741 (1983). Here there was ample properly admitted evidence bearing on the relationship between the victim and the defendant. Cf. *Commonwealth* v. *Seabrooks, supra* at 513. See *Commonwealth* v. *Cruz*, 424 Mass. 207, 212 (1997); *Commonwealth* v. *Andrade*, 422 Mass. 236, 239-240 (1996). The victim's daughter testified that she had previously observed the defendant's physical abuse of the victim. Others testified about the victim's fearful reaction to the defendant after he arrived at the nursing home. In addition, there was evidence of a protective order the victim had obtained against the defendant. Finally, a witness testified that the defendant had, prior to the murder, told him of his plans to kill the victim in the very same manner in which the actual murder took place. This properly admitted evidence allowed the jury to conclude, independent of the erroneously admitted statements, that the relationship between the defendant and the victim was violent and abusive.[2] Furthermore, the erroneously admitted evidence had no bearing on the defendant's principal defense of lack of criminal responsibility. See *Commonwealth* v. *Cruz, supra* at

[2]Alternatively, the defendant contends that the evidence was unduly prejudicial because it undermined his primary defense — lack of criminal responsibility. Specifically, he claims that the erroneously admitted statements may have suggested to the jury that finding that the defendant lacked criminal responsibility required them to find that the defendant acted in a "sudden or explosive fit." However, the judge correctly instructed the jury regarding criminal responsibility. We must assume that the jury followed those instructions. *Commonwealth* v. *Pope*, 406 Mass. 581, 588 (1990).

212-213; *Commonwealth* v. *Andrade, supra* at 239. Conse-
quently, the defendant was not significantly prejudiced by the
admission of the victim's statements.

3. *The judge's instructions.* The defendant next claims that
the judge committed reversible error in instructing the jury that
(1) killing with a single blow could constitute murder by means
of extreme atrocity or cruelty; and (2) they were not limited to
the *Cunneen* factors in determining whether extreme atrocity or
cruelty was present. *Commonwealth* v. *Cunneen*, 389 Mass.
216, 227 (1983). The defendant objected to the "single blow"
instruction, but not the instruction on the *Cunneen* factors.

We need not dwell at length on the defendant's claim of error
arising from the judge's instruction that a "single blow" killing
warrants a charge of extreme atrocity or cruelty.[3] *Commonwealth*
v. *Blackwell*, 422 Mass. 294, 299-300 (1996). The murder in the
present case resulted from twelve stab wounds to the victim's
stomach and chest. Thus, there was no evidentiary basis for the
jury to consider the issue. See *Commonwealth* v. *Torres*, 420
Mass. 479, 492 (1995) (erroneous self-defense instruction was
harmless because evidence showed that defendant "was not
entitled to" any such instruction); *Commonwealth* v. *Avellar*,
416 Mass. 409, 422 (1993) (erroneous instruction regarding
malice was nonreversible error because assailant's identity, not
malice, was principal issue in contention at trial); *Com-
monwealth* v. *Gabbidon*, 398 Mass. 1, 5 (1986) ("no harm ac-
crues to a defendant if an error does not relate to an issue
actively contested at trial").

For similar reasons, we decline to order a new trial based on
the defendant's second claim.[4] The defendant correctly points
out that, in *Commonwealth* v. *Hunter*, 416 Mass. 831, 837
(1994), we stated that at least a finding of one of the evidentiary
considerations set forth in *Commonwealth* v. *Cunneen, supra*,
was a mandating prerequisite for a jury's determination that the

---

[3]The judge instructed the jury: "A murder may be committed with extreme
atrocity or cruelty even though death results from a single blow."

[4]The judge instructed the jury: "In making this decision as to this element
of extreme atrocity or cruelty, you may consider a number of factors. These
factors include, *but are not limited to* the following . . . " (emphasis added).
The judge then listed the factors this court first enunciated in *Commonwealth*
v. *Cunneen*, 389 Mass. 216 (1983). The defendant failed to object to the
judge's instruction. Therefore, we examine the record to determine whether
the instruction created a substantial likelihood of a miscarriage of justice.
*Commonwealth* v. *Grant*, 418 Mass. 76, 84-85 (1994).

defendant committed a murder with extreme atrocity or cruelty.[5] See *Commonwealth* v. *Semedo*, 422 Mass. 716, 727 (1996). Nonetheless, we refuse to order a new trial because, on the evidence presented, the jury could only have based their finding of extreme atrocity or cruelty on one or more of the *Cunneen* factors. Immediately before her death, the victim screamed and pleaded with others for help. She was then stabbed repeatedly in the stomach and chest, left to suffer briefly, and then stabbed again. All told, the defendant stabbed the victim twelve times, stating along the way, "Now you're getting yours and you're getting everything you deserve." The defendant also kicked the victim twice in the head after she fell to the floor. Finally, the defendant told arresting officers immediately after the killing, "I guess I'll be on the news tonight." Such indifference toward his victim, coupled with the brutality and suffering involved in the killing itself, leaves us with no doubt that the finding of extreme atrocity or cruelty was based on one or more of the *Cunneen* factors. See *Commonwealth* v. *James*, 424 Mass. 770, 791 (1997); *Commonwealth* v. *Goudreau*, 422 Mass. 731, 736 (1996); *Commonwealth* v. *Semedo*, 422 Mass. 716, 726-727 (1996). The judge's erroneous instruction thus presented no substantial likelihood of a miscarriage of justice. For this reason, a new trial on this ground is not required.

4. *General Laws c. 278, § 33E, review.* We decline to exercise our plenary power under G. L. c. 278, § 33E, either to order a new trial or to reduce the verdict.

*Judgments affirmed.*

---

[5]These factors include: (1) whether there is evidence of indifference to, or taking pleasure in, the victim's suffering; (2) the consciousness and degree of suffering of the victim; (3) the extent of physical injuries; (4) the number of blows; (5) the manner and force with which they were delivered; (6) the instrument employed; and (7) the disproportion between the means needed to cause death and those employed. *Commonwealth* v. *Cunneen, supra* at 227.