## COMMONWEALTH *vs.* WILLIAM J. WHELTON.

Norfolk. May 7, 1998. - July 17, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Motion to suppress, Required finding. *Evidence,* Spontaneous utterance, Hearsay, Unavailable witness.

At the trial of a complaint for assault and battery, extrajudicial statements of the victim's thirteen year old daughter were properly admitted as spontaneous utterances. [26-27]

At the trial of a complaint for assault and battery, hearsay statements of the victim were erroneously admitted as spontaneous utterances; however, where the defendant called the victim to the stand and had ample opportunity to cross-examine her about the statements, no substantial risk of a miscarriage of justice was created. [27]

This court concluded that a spontaneous utterance is highly reliable and falls within a firmly rooted hearsay exception and that art. 12 of the Massachusetts Declaration of Rights does not require that the declarant be unavailable to testify before a spontaneous utterance is admitted at a criminal trial. [27-29]

At a criminal trial, the evidence at the close of the Commonwealth's case was sufficient to warrant denial of the defendant's motion for a required finding of not guilty. [29-30]

COMPLAINT received and sworn to in the Dedham Division of the District Court Department on June 7, 1996.

The case was tried before *Kathleen E. Coffey,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard M. Russell* for the defendant.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. Convicted of one count of assault and battery on his longtime companion, Janet Whelton,[1] the defendant appeals. The defendant argues that the hearsay statements of the victim and her daughter were not admissible as spontaneous utter-

---

[1]Although the defendant and the victim were not married, both the victim and her daughter from a previous relationship had taken the defendant's name.

ances, that admitting these statements without a showing that the declarants were unavailable violated his confrontation rights, and that, because the Commonwealth's case consisted solely of hearsay statements, the evidence against him was insufficient as a matter of law. We transferred the case to this court on our own initiative. We affirm.

1. *Facts.* Before trial, the defendant moved in limine to exclude the victim's and the daughter's statements to a police officer. After a voir dire hearing, the judge denied the motion and at trial admitted the statements. The police officer, who was the Commonwealth's only witness, testified that, in response to an emergency call, she arrived at the defendant's home in Dedham, where she spoke with the daughter, who was thirteen years old at the time.

The daughter, who appeared to be very nervous, pacing, and on the verge of crying, told the officer that she had just had an argument with the defendant regarding her bedtime. Her mother, the victim, had been asleep on a nearby sofa. The daughter said that the defendant, trying to awaken the victim, kicked the victim in the lower back, hit her in the upper back, and pushed her off the sofa, and that, at that point, the daughter called the police. She also told the officer that the relationship between the defendant and the victim was abusive.

The officer also spoke with the victim, who told her that she and the defendant had been out that evening and had had a few drinks and that she had fallen asleep on the sofa. She said that the defendant had pushed her to the floor with the intention that she hit the cocktail table as she fell. The officer found no bruises or red marks on the victim's back, however.

The victim testified for the defendant, stating that the defendant gently pushed or rolled her off the couch and that she had not felt anyone hitting or kicking her. She also testified that she told the officer that she had not been hit. The daughter did not testify.

2. *Motion in limine.* Before we consider the defendant's arguments that the victim's and the daughter's extrajudicial statements to the police officer were inadmissible, we review the steps that a party must take to preserve his or her appellate rights. It is well established that a motion in limine, seeking a pretrial evidentiary ruling, is insufficient to preserve appellate rights unless there is an objection at trial. *Commonwealth* v. *Keniston,* 423 Mass. 304, 308 (1996). The denial of a motion to

suppress evidence on constitutional grounds, however, is reviewable without further objection at trial. See *Commonwealth v. Acosta*, 416 Mass. 279, 284 n.1 (1993); *Commonwealth v. Sherman*, 389 Mass. 287, 290 n.2 (1983); *Commonwealth v. Jacobs*, 346 Mass. 300, 310-311 (1963). Insofar as the defendant's motion in limine argued that admission of the statements would violate his constitutional rights under art. 12 of the Massachusetts Declaration of Rights, we treat it as a motion to suppress and it is properly before us on that ground. As to the evidentiary grounds for exclusion, because the defendant did not object at trial, we review the claim to determine whether there was a substantial risk of a miscarriage of justice.

3. *Spontaneous utterances.* The defendant argues that the victim's and the daughter's extrajudicial statements were not spontaneous utterances and therefore should not have been admitted under this exception to the rule against hearsay. We disagree as to the daughter's statements and perceive no substantial risk of a miscarriage of justice in the admission of the victim's statements.

A statement is admissible under the spontaneous utterance exception "if its utterance was spontaneous to a degree which reasonably negated premeditation or possible fabrication and if it tended to qualify, characterize and explain the underlying event." *Commonwealth v. Crawford*, 417 Mass. 358, 362 (1994). *Commonwealth v. Brown*, 413 Mass. 693, 695-696 (1992). "[A]n utterance is spontaneous if it is made under the influence of an exciting event and before the declarant has had time to contrive or fabricate the remark, and thus it has sufficient indicia of reliability." *Commonwealth v. Zagranski*, 408 Mass. 278, 285 (1990). "Particularly when the declarant is a young child who remains in the company of the alleged perpetrator after a traumatic event, precise contemporaneousness is not required." *Commonwealth v. Crawford, supra,* quoting *Commonwealth v. Brown, supra* at 695. The trial judge has broad discretion to determine whether a statement meets the requirements for admissibility. *Commonwealth v. Zagranski, supra.*

At the voir dire hearing, the officer testified that she arrived at the defendant's home only a few minutes after receiving the emergency call. She said that the daughter appeared nervous, worried for her mother's safety, and looked as if she had been crying or was on the verge of crying. The judge could readily conclude from this testimony that the daughter was under the

influence of the assault on her mother she had witnessed minutes before. See *Commonwealth* v. *Alvarado*, 36 Mass. App. Ct. 604, 606 (1994) (statement itself may be taken as proof of exciting event). The daughter's statements to the officer, including her statement that the relationship had been abusive in the past,[2] also qualified, characterized, or explained the incident. We conclude that the daughter's statements met the requirements for this exception to the hearsay rule and were properly admitted.

There was no evidence at the voir dire hearing, however, that the victim was under the influence of the exciting event when she spoke to the officer. See *Commonwealth* v. *O'Connor*, 407 Mass. 663, 670 (1990). The officer did not testify as to whether the victim appeared upset, spoke nervously, or otherwise behaved in a manner showing that she was under the stress of an exciting event. Her statements therefore did not bear the indicia of reliability that justifies the admission of spontaneous utterances. We conclude that the victim's hearsay statements did not meet the requirements and were therefore inadmissible.

Nevertheless, reversal is not required. The defendant called the victim to the stand and therefore had ample opportunity to cross-examine her about the statements. See *Commonwealth* v. *Napolitano*, 42 Mass. App. Ct. 549, 555-556 (1997) (defendant called hearsay declarant as witness; questioning served goals of cross-examination); P.J. Liacos, Massachusetts Evidence § 8.4.3, at 448 (6th ed. 1994) (stating that allowing this sort of questioning "seems essentially consistent with common practice"). There was no substantial risk of a miscarriage of justice.

4. *Constitutional claim based on art. 12.* In *Commonwealth* v. *Crawford*, 417 Mass. 358, 366 (1994), we left open the question whether art. 12 requires a showing of unavailability before a spontaneous utterance can be admitted against a criminal defendant. The defendant, relying principally on *Commonwealth*

---

[2]The defendant argues that the daughter's remark that the relationship was abusive was impermissible character evidence. The defendant did not object or move to strike the remark. The daughter's remark does suggest that the defendant, having committed abusive acts in the past, had a propensity to assault the victim. See, e.g., *Commonwealth* v. *Ferguson*, 425 Mass. 349, 354 (1997) ("the prosecution may not introduce evidence of the defendant's prior bad acts to show bad character or propensity to commit the crime charged"). Nevertheless, this isolated remark considered in the context of an admissible statement did not create a substantial risk of a miscarriage of justice.

v. *Colin C.*, 419 Mass. 54, 62-63 (1994), and having raised the issue below, argues that it does. However, in *Colin C.*, we were interpreting a statute that specifically required a showing of unavailability for certain hearsay statements of children. Similarly, the dictum in *Commonwealth* v. *Bergstrom*, 402 Mass. 534, 545 (1988), that "[a]bsent a showing of unavailability . . . even reliable hearsay evidence is inadmissible," does not support the defendant's contention, as it relies for support on *Commonwealth* v. *Bohannon*, 385 Mass. 733, 744-749 (1982), which involved only prior recorded testimony and not other exceptions to the hearsay rule. These cases should not be read to mean that art. 12 always imposes an unavailability requirement whenever hearsay is admitted pursuant to an exception. See *Commonwealth* v. *Jones*, 400 Mass. 544, 547 (1987) (Commonwealth need not demonstrate unavailability for adoptive admissions).

The United States Supreme Court has held that the admission of hearsay under a "firmly rooted" exception, such as an excited or spontaneous utterance, without a showing of unavailability does not violate the confrontation clause of the Sixth Amendment to the United States Constitution. *White* v. *Illinois*, 502 U.S. 346, 353-358 (1992). Although some of our cases do extend the confrontation right under art. 12 beyond its Federal counterpart, these cases have involved the physical configuration of the courtroom and the defendant's ability literally "to meet" testifying witnesses "face to face" as required by the plain language of art. 12. See *Commonwealth* v. *Amirault*, 424 Mass. 618 (1997); *Commonwealth* v. *Bergstrom, supra.* They did not involve confrontation rights as applied to hearsay.

In cases involving the hearsay rule and its exceptions, we have stated that art. 12 provides no greater protection than the Sixth Amendment. See *Mendonza* v. *Commonwealth*, 423 Mass. 771, 787 (1996); *Commonwealth* v. *Siegfriedt*, 402 Mass. 424, 430-431 (1988). The defendant offers no basis for concluding that the "face to face" language of art. 12 provides greater protection against hearsay than the Sixth Amendment. The witness testifying was available "face to face."

A spontaneous utterance is highly reliable and falls within a firmly rooted hearsay exception. See *White* v. *Illinois, supra* at 355-357; *Commonwealth* v. *Napolitano, supra* at 554. Indeed, as the Supreme Court observed, a spontaneous utterance may justifiably carry more weight with the jury than the declarant's

live testimony. *White* v. *Illinois, supra* at 356. We see no reason to impose an unavailability requirement on reliable evidence. We agree with the Appeals Court in *Napolitano, supra* at 555-558, and with the United States Supreme Court in *White, supra.* We conclude that art. 12, like the Sixth Amendment to the United States Constitution, does not require a showing that the declarant is unavailable to testify at trial before a statement is admitted under the spontaneous utterance exception to the rule against hearsay. The admission of the daughter's statements through the police officer therefore did not violate the defendant's confrontation rights under art. 12.

The victim's statements present different confrontation clause problems. As explained above, the statements were not admissible under the spontaneous utterance exception. They were simply inadmissible hearsay. Nevertheless, we do not believe that reversal is required.

"[H]earsay rules and the Confrontation Clause are generally designed to protect similar values." *Commonwealth* v. *Trigones,* 397 Mass. 633, 637 (1986), quoting *California* v. *Green,* 399 U.S. 149, 155 (1970). However, the confrontation clause and hearsay rules do not completely overlap. *Trigones, supra* at 638, citing *Green, supra* at 155-156. The Justices "recognize that the relationship between the foundation of the hearsay rule and the command of art. 12 is complex, and [the Justices] seek to avoid constitutionalizing the hearsay law of the Commonwealth." *Opinion of the Justices,* 406 Mass. 1201, 1216 (1989). The confrontation right "is designed to make prosecution witnesses available for full cross-examination by the defendant and to ensure that the testimony of a witness is given under oath before the jury who will have an opportunity to observe the demeanor of the witness as he testifies." *Commonwealth* v. *Canon,* 373 Mass. 494, 509 (1977) (Liacos, J., dissenting), cert. denied, 435 U.S. 933 (1978).

5. *Motion for required finding.* After the Commonwealth stated that it had finished calling witnesses, but shortly before it rested, the defendant moved for a required finding of not guilty. The motion was denied. The defendant now argues that he is entitled to judgment in his favor because the Commonwealth's case consisted entirely of hearsay. We disagree. "The standard for evaluating a motion for a required finding of not guilty is 'whether, after viewing the evidence in the light most favorable

to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (emphasis in original). *Commonwealth* v. *James*, 424 Mass. 770, 784 (1997), quoting *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), *S.C.*, 423 Mass. 129 (1996). The daughter's out-of-court statements, which, as explained above, were admissible under the spontaneous utterance exception, established the elements of the crime charged. The weight of the evidence was a matter exclusively for the jury. *Commonwealth* v. *Cowels*, 425 Mass. 279, 286 (1997). Moreover, the fact that the daughter's statements were spontaneous utterances was buttressed by the officer's testimony about her nervous, worried appearance. We conclude that there was sufficient evidence to support the verdict.[3]

*Judgment affirmed.*

---

[3]We reject the defendant's argument that *Commonwealth* v. *Durling*, 407 Mass. 108 (1990), requires a different result. In that case, we concluded that hearsay evidence, not otherwise admissible under the evidentiary rules, can still be used at probation revocation proceedings if it possesses sufficient indicia of reliability and that, if such hearsay is the only evidence, the indicia of reliability must be substantial. *Id.* at 118. Because the daughter's spontaneous utterances were admissible and substantially reliable under the evidentiary rules, *Durling* does not mandate reversal.