The defendant was convicted, after a bench trial, of assault and battery on a household member, G. L. c. 265, § 13M(a ).[2] He raises two arguments on appeal. First, he contends the evidence was insufficient to prove beyond a reasonable doubt the nature of his relationship with the victim or that he struck her. Second, he argues that trial counsel was ineffective because he did not move for a required finding at the close of the Commonwealth's case and because he did not move to strike hearsay evidence[3] of the victim's out-of-court statement that the defendant was her boy friend of several years. We affirm.
The defendant's argument that the evidence was insufficient to support the conviction is controlled (and defeated) by Commonwealth v. Dustin, 476 Mass. 1003 (2016). Because the defendant did not move for a required finding at the close of the Commonwealth's case with respect to the domestic assault and battery charge,[4] we
"consider whether the evidence during the entire trial: 'viewed in a light most favorable to the Commonwealth, is sufficient so that the [fact finder] "might properly draw inferences, not too remove in the ordinary course of events, or forbidden by any rule of law, and conclude upon all the established circumstances and warranted inferences that the guilt of the defendant was proved beyond a reasonable doubt." ' "
Id. at 1004-1005, quoting from Commonwealth v. McGovern, 397 Mass. 863, 868 (1986).
Here, the totality of the evidence, viewed through the appropriate lens, was that the defendant struck his long-term girl friend during an argument that took place on the lawn in front of her home. After the defendant struck her, the victim ran for safety into the house, closing the front door behind her. The defendant pursued and threw a heavy object after her, damaging the door. These events were witnessed by a disinterested passerby who intervened to assure herself of the victim's safety and telephoned 911. That the victim denied she was struck does not affect the sufficiency of the evidence; testimonial conflicts are for the trial judge, as the trier of fact, to resolve, and depend on the judge's credibility determinations. See Commonwealth v. Nardone, 406 Mass. 123, 129-130 (1989). The victim's testimony that the defendant was her boy friend on the date in question, had been her boy friend for five years by the time of trial (the trial took place less than one year after the events), and that they cared for each other was sufficient, under Commonwealth v. Dustin, 476 Mass. at 1004, to establish a "substantive dating or engagement relationship" within the ambit of the statute, G. L. c. 265, § 13M(A )(iii), as appearing in St. 2014, c. 260, § 23.
The defendant's argument that counsel was ineffective is presented for the first time in this direct appeal. "[A]n ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by the defendant viewing the case with hindsight." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). Only in the unusual case where "the factual basis of the claim appears indisputably on the trial record" will we resolve the issue in a direct appeal. Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994). This is not such a case. The victim was present on the day of trial and could have been called by either the Commonwealth or the defendant. However, the defendant intended to call her as his witness because the defense was built around-and depended on-the victim's testimony denying that she had been struck. The case proceeded on that basis. Whether on direct or cross-examination, it was inevitable that the victim would be questioned about the nature of her relationship with the defendant-a matter that did not appear to be in dispute in any event. A successful motion to strike would have achieved little, if anything, because it likely would have resulted in the Commonwealth calling in its case a witness the defendant wished instead to control and present in his.
In any event, there was sufficient basis for the judge to admit the victim's out-of-court statement under the excited utterance exception to the hearsay rule. Mass. G. Evid. § 803(2) (2017). The statement was made by the victim, who was very upset and crying, at the scene, not long after (within minutes) the events occurred. See Commonwealth v. Whelton, 428 Mass. 24, 26-27 (1998). In these circumstances, the defendant has failed to show that trial counsel had no strategic purpose in not moving to strike the police officer's testimony that the victim stated that she had been dating the defendant for about four years.
Finally, given the victim's description of the nature of her relationship with the defendant (as presented through the officer), the defendant has not shown that a motion for a required finding with respect to the domestic assault and battery charge was likely to succeed.
Judgment affirmed.

Not at issue in this appeal are the multiple charges of which the defendant was acquitted or found not responsible (operating a motor vehicle while under the influence of drugs, negligent operation of a motor vehicle, assault by means of a dangerous weapon, and the civil infraction of failure to yield/stop), or the charge to which he entered a guilty plea (malicious destruction of property having a value greater than $250).

The defendant also argues that counsel failed to object to the testimony. However, he does not identify any objectionable shortcoming in the prosecutor's question to the witness and thus his argument is more properly framed as an alleged failure to move to strike.

The defendant did make such a motion with respect to the charge of operating while under the influence of drugs.