NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-473

COMMONWEALTH

vs.

ALEXIS GONZALEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of assault and battery with a dangerous weapon, G. L. c. 265, § 15A (b) (count one), and assault and battery on a family or household member, G. L. c. 265, § 13M (a) (count two), for stabbing the victim, Stephanie Orellana.  He was sentenced to serve two to two and one-half years in State prison on count one, and a concurrent probationary period of three and one-half years on count two.  On appeal, the defendant claims that the judge erred in admitting testimonial hearsay statements made by the victim, who did not testify, and that the Commonwealth, during its closing argument, impermissibly commented on the defendant's decision not to testify at trial.  We affirm.

Discussion. 1. Excited utterance. The defendant claims that the judge erred in concluding that the victim's statements to Wilmaris Murcia over the telephone were admissible as excited utterances.[1] We disagree.

Under the excited utterance (or spontaneous utterance) exception to the rule against hearsay, "[a] spontaneous utterance will be admitted in evidence if (1) there is an occurrence or event 'sufficiently startling to render inoperative the normal reflective thought processes of the observer,' and (2) if the declarant's statement was a 'spontaneous reaction to the occurrence or event and not the result of reflective thought'" (citation omitted). Commonwealth v. Santiago, 437 Mass. 620, 623 (2002). "[T]he statements need not be strictly contemporaneous with the exciting cause; they may be subsequent to it, provided there has not been time for the exciting influence to lose its sway and to be dissipated." Commonwealth v. Sellon, 380 Mass. 220, 229-230 (1980), quoting Commonwealth v. McLaughlin, 364 Mass. 211, 223 (1973). See Commonwealth v. Brum, 492 Mass. 581, 595-596 (2023). A judge has broad discretion in determining whether the foundational requirements for admissibility under the excited utterance

---

[1] Murcia testified that, during a telephone conversation with the victim on the day of the incident, the victim told Murcia that she had been stabbed by the defendant.

exception have been met.  See Commonwealth v. Brown, 413 Mass. 693, 696 (1992).

The defendant does not dispute that the stabbing constituted a sufficiently startling event to give rise to an excited utterance.  Rather, he contends that (1) the exciting influence had dissipated by the time the victim called Murcia, as evidenced by (a) the victim's ability to place the call without interference from the defendant, and (b) the defendant's being calmly seated on the couch at the time of Murcia's arrival; and (2) the victim was capable of engaging in reflective thought at the time of the call, as evidenced by her focus on protecting the children under her care, rather than seeking assistance in contacting the police or medical personnel for her personal wellbeing.

We are unpersuaded by the defendant's argument that the exciting influence had dissipated at the time of the victim's telephone call.  First, the fact that the victim was able to place the call without interference from the defendant does not remove her statements from the realm of excited utterances.  See Commonwealth v. Wilson, 94 Mass. App. Ct. 416, 422 (2018) (startling event need not be ongoing when declarant made statement).  Second, the fact that the defendant was calmly seated at the time of Murcia's arrival is minimally probative of

the magnitude of the exciting influence at the time of the call, approximately twenty minutes earlier.

Furthermore, we do not discern clear error in the judge's factual findings that the victim placed the call "fairly recent[ly]" after the alleged stabbing, and that she was crying and upset from an untreated stab wound at that time. See Commonwealth v. Tremblay, 480 Mass. 645, 655 (2018) (we defer to judge's subsidiary findings of fact drawn from testimonial evidence unless clearly erroneous). In light of these findings, we conclude that the judge acted well within his broad discretion in determining that the exciting influence had not lost its sway over the victim at the time of her telephone conversation with Murcia. See Commonwealth v. Sanchez, 96 Mass. App. Ct. 1, 7 (2019) (frantic tone and tears during 911 call indicated victim still under stress of startling event).

We are likewise unpersuaded by the defendant's contention that the victim's attempt to protect the children under her care was more likely to stem from reflective thought than spontaneous reaction. To the contrary, the latter seems entirely natural, and we find no support for the defendant's position. The judge did not err in admitting the victim's statements under the excited utterance exception.

2. Confrontation right. Next, the defendant claims that the victim's statements to Murcia were testimonial, and

4

therefore their admission, even if permissible as excited utterances, violated his right to confront a witness testifying against him.[2]  We disagree.

"Testimonial statements are those made with the primary purpose of 'creating an out-of-court substitute for trial testimony'" (citation omitted).  Commonwealth v. Wardsworth, 482 Mass. 454, 464 (2019).  "The test is an objective one; we examine 'the primary purpose that a reasonable person would have ascribed to the statement, taking into account all of the surrounding circumstances'" (citation omitted).[3]  Id.  In reviewing a judge's determination whether a statement was

---

[2] Confrontation rights under art. 12 of the Declaration of Rights of the Massachusetts Constitution are coextensive with those under the Sixth Amendment to the United States Constitution.  See Commonwealth v. Nardi, 452 Mass. 379, 388 n.10 (2008).

[3] As recognized in Wardsworth, the Supreme Judicial Court previously used a different test, which, at least for statements not made to law enforcement personnel, asked whether "a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting a crime."  482 Mass. at 464 n.18, quoting Commonwealth v. Gonsalves, 445 Mass. 1, 3 (2005), cert. denied, 548 U.S. 926 (2006).  The defendant asks us to apply the Gonsalves test here.  But, in response to the decision in Michigan v. Bryant, 562 U.S. 344, 358 (2011), the Wardsworth court "clarif[ied] that the appropriate method of analysis is the 'primary purpose' test."  Wardsworth, supra.  Courts still occasionally observe that, in particular circumstances, the result might be the same if the question were (as in Gonsalves) how a reasonable person in the declarant's position would have anticipated her statement being used.  See Commonwealth v. McGann, 484 Mass. 312, 318 (2020).  We need not reach that issue here.

testimonial, "[w]e accept the judge's findings of fact unless clearly erroneous but independently apply constitutional principles to the facts found" (quotation and citation omitted). Commonwealth v. McGann, 484 Mass. 312, 317 (2020).

Here, the fact that the victim made the statements informally to someone that she apparently considered to be a friend, and not to law enforcement, weighs heavily in favor of such statements being nontestimonial. See Commonwealth v. Hart, 493 Mass. 130, 146 (2023). Additionally, although "[a]n ongoing emergency is not necessary for a statement to be nontestimonial, . . . when one is present it takes a central place in our analysis." Commonwealth v. Rand, 487 Mass. 811, 817 (2021). "The reason for this is straightforward: when preoccupied by an ongoing emergency, a victim is unlikely to have the presence of mind to create a substitute for trial testimony." Id.

The judge did not err in determining that the victim was facing an ongoing emergency at the time of the telephone call. It was reasonable for the judge to infer that the telephone call occurred soon after the stabbing, and it is undisputed that the defendant and two children remained on the premises at that point in time. See Commonwealth v. Middlemiss, 465 Mass. 627, 634 (2013) ("Factors bearing on the existence of an ongoing emergency include [1] whether an armed assailant poses a continued threat to the victim or the public at large, [2] the

6

type of weapon that has been employed, and [3] the severity of the victim's injuries or medical condition").  That the defendant "was not continuing in his assaultive behavior" does not preclude the finding of an ongoing emergency.  See Commonwealth v. Beatrice, 460 Mass. 255, 261 (2011) (ongoing emergency continued while assailant remained present on scene).

Thus, viewing the evidence objectively, we agree with the judge's conclusion that the victim's primary purpose in making the statements was to tend to the ongoing emergency, and not to create an out-of-court substitute for trial testimony.  There was no violation the defendant's confrontation rights.

3.  Closing argument.  Finally, the defendant claims that the Commonwealth, during its closing argument, impermissibly commented on the defendant's decision not to testify at trial.[4] As the defendant did not object to the prosecutor's remark at trial, we review to determine if there was error, and if so,

---

[4] Specifically, the defendant takes issue with the following remark:  "[The victim] is not the only person who can tell you what happened that night.  There are a number of witnesses who can tell you what happened that night, and two of them did, because although [the victim] isn't here and didn't testify today, and, again, I'd ask you not to speculate about the reasons why, you did hear from Ms. Murcia, and Ms. Murcia told you what [the victim] had told her."  The defendant claims that the prosecutor's reference to "a number of witnesses" implicitly included the defendant, and the statement therefore amounted to an impermissible comment on the defendant's decision not to testify.

7

whether it created a substantial risk of a miscarriage of justice.  Commonwealth v. Dirgo, 474 Mass. 1012, 1016 (2016).

> "As a general rule, a prosecutor . . . cannot make statements that shift the burden of proof from the Commonwealth to the defendant.  Such burden shifting typically arises where a prosecutor offers direct comment on the defendant's decision not to testify, or calls the jury's attention to the defendant's failure to call a witness or witnesses, or . . . to contradict testimony.  In these cases, the prosecution is signaling to the jury that the defendant has an affirmative duty to bring forth evidence of his innocence, thereby lessening the Commonwealth's burden to prove every element of a crime" (quotations and citations omitted).

Commonwealth v. Johnson, 463 Mass. 95, 112 (2012).  However,

> "[a] prosecutor is entitled to emphasize the strong points of the Commonwealth's case and the weaknesses of the defendant's case, even though he may, in so doing, prompt some collateral or passing reflection on the fact that the defendant declined to testify.  The question is whether the challenged remark, when viewed in the context of the entire argument, is directed more at the general weakness of [the defendant's] defense than toward the defendant's own failure to testify" (quotations and citations omitted).

Commonwealth v. Nelson, 468 Mass. 1, 12 (2014).

Here, the challenged remark, viewed in context, was directed at the weakness of the defendant's defense rather than his choice not to testify.  Defense counsel, in her closing argument, highlighted the victim's failure to testify, stating that she was the "only person who could tell [the jury] her stand [sic] what happened" on the evening of the incident.  The challenged remark merely rebutted this assertion.  The thrust of the prosecutor's statement was not that the defendant was among

8

the group of individuals with knowledge of the relevant events, but rather that the victim was not the only person with such knowledge, and that others with such knowledge testified. Contrast Commonwealth v. Cruz, 98 Mass. App. Ct. 383, 390-391 (2020) (improper for prosecutor to focus jury's attention on fact that, although victim and defendant could testify to relevant events, only victim had done so).

We also note that the judge instructed the jury that the defendant was presumed innocent, that "the defendant is not required to prove his innocence, and . . . has no burden to call any witnesses or produce any evidence," and, in explaining that the defendant "has an absolute right not to testify," that "[i]t is not up to the defendant to prove that he is innocent." "These instructions, to which we presume the jury adhered, effectively neutralized any prejudice produced by the prosecutor's [statement]" (citation omitted). Johnson, 463

Mass. at 114.  There was no error, let alone one that created a substantial risk of a miscarriage of justice.

Judgments affirmed.

By the Court (Blake, C.J.,
  Meade & Grant, JJ.[5]),

Clerk

Entered:  May 2, 2025.

---

[5] The panelists are listed in order of seniority.